WALTER L. SPEAR ET AL., APPELLANTS, V. TIDBALL & FULLER ET AL., APPELLEES.

FILED APRIL 17, 1894.    No. 5398.

**Res Adjudicata.** A judgment in full force is a complete **bar to a** subsequent action between the parties thereto, or their privies, upon the same subject-matter litigated in the first suit.

APPEAL from the district court of Fillmore county. Heard below before MORRIS, J.

*Billings & Billings*, for appellants.

*Wooley & Gibson* and *W. C. Sloan, contra.*

NORVAL, C. J.

This action was commenced in the court below by Walter L. Spear and Walter S. Huston, against Tidball & Fuller and Neil Duncan, to establish an equitable mortgage upon

lots 35 and 36 of Heiderstadt's subdivision of out-lot No.
12, of the city of Geneva, and to foreclose the same.    Upon
the trial there was a decree dismissing the action, from
which plaintiffs appeal.

The facts disclosed by the pleadings and proofs are these:
On or about the 8th day of August, 1888, one F. Heid-
erstadt, being the owner of the above described premises,
by a parol executory contract agreed to convey said lots to
Truman W. Wheeler, upon his paying the sum of $200,
one-half of which to be paid in sixty days, and the re-
mainder in one year.    When the sale was made it was
agreed that Heiderstadt should give the purchaser a bond
for a deed.    Wheeler took possession of the lots shortly
after the purchase, and entered into a contract with one
Melvin Jones for the erection of a dwelling thereon.    The
latter erected the building, Tidball & Fuller furnishing the
lumber for the purpose, amounting to $377.61.    On De-
cember 8, 1888, and within the period provided by law,
Tidball & Fuller duly filed in the office of the county
clerk of Fillmore county a statement, under oath, of the
amount and value of materials so furnished by them, and
claimed a mechanic's lien therefor on the lots and buildings.
Other parties, who furnished labor and materials for the
erection of the improvement, also filed statements and
claimed liens on the premises for the value of the labor
and materials so furnished by them.    On the 23d day of
January, 1889, Wheeler sold his interest in the lots to
Deniston Gilmore, and on that date said Heiderstadt and
his wife Martha, by the direction of Wheeler, entered into
a written contract with Gilmore to convey to the latter the
premises in controversy on his making the following pay-
ments: $50 cash, $50 on or before June 23, 1889, and
$100 on or before January 23, 1890, with interest at ten
per cent per annum.    The first $50 was paid when the
contract was executed, and is receipted for therein.    On
the 6th day of March, 1889, appellees Tidball & Fuller

commenced an action in the district court of Fillmore county to foreclose their mechanic's lien on said premises, making F. Heiderstadt, Martha Heiderstadt, Truman W. Wheeler, Ella W. Wheeler, his wife, Deniston Gilmore, D. J. Spear, Walter S. Huston, Melvin Jones, and various holders of mechanics' liens parties defendant. The several lien-holders appeared in the action and filed answers and cross-petitions, setting up their mechanics' liens. The Heiderstadts also answered and set up their verbal contract with Wheeler, the transfer of the latter's interest in the lots to Gilmore, the execution of the written contract by the Heiderstadts to Gilmore, whereby they agree to convey the property to him upon his making the payments above referred to, and alleging that $150 was due and unpaid on said contract, with prayer for equitable relief.

At the May term, 1889, of the district court of said county, upon the trial of the cause, a decree was entered foreclosing the several mechanics' liens, among others those held by appellant Huston and D. J. Spear, through whom appellant Walter L. Spear claims title. No appeal was taken from this decree.

On the 2d day of August, 1889, Gilmore assigned his contract for a deed to appellant Huston and said D. J. Spear, for the consideration of $52.65, and the latter subsequently transferred his interest to appellant Walter L. Spear. On the 5th day of the same month the Heiderstadts, having been paid the purchase money, conveyed the premises to the appellants herein, Walter S. Huston and Walter L. Spear. Subsequently, on August 15, an order of sale was issued in said foreclosure case. The lots in dispute were sold thereunder to appellees Tidball & Fuller on September 28, 1889, for $670, which sale was reported by the sheriff to the district court. The sale was confirmed by the court on November 20, 1889, and the sheriff was ordered to make a deed to the purchasers. On the 19th day of December, 1889, the sheriff, in compliance with the

said order of the court, conveyed the premises to said Tid-ball & Fuller, which deed was duly recorded the same day, and on the 14th day of January, 1890, Tidball & Fuller, by deed of general warranty, conveyed the lots to appellee Neil Duncan. Subsequently, and on the 24th day of June, 1890, Duncan brought an action of ejectment in the district court of Fillmore county against Danford J. Spear, Walter S. Huston, Charles Woodruff, and Walter L. Spear, to recover said premises. Judgment was obtained in said action by Duncan on June 18, 1891. A writ of restitution was issued, and the sheriff put Duncan in possession of the premises. No proceedings have ever been instituted to obtain a reversal of the said judgment. To the present action the decree in the suit to foreclose the mechanics' liens and the judgment in the ejectment case already mentioned are pleaded in bar.

The petition in the present action sets up, *inter alia*, the said verbal agreement of Heiderstadt to convey the lots to the Wheelers; the transfer of their interest in the property to Gilmore; that Heiderstadt, in conformity with the directions of the Wheelers, executed a written contract whereby they agreed to convey the lots to Gilmore on the terms above stated; the assignment of the same to D. J. Spear and Walter S. Huston; the sale of D. J. Spear's interest to plaintiff Walter L. Spear; the payment to F. Heiderstadt of the unpaid purchase price of the lots; the execution and delivery of a warranty deed by Heiderstadt conveying the property to plaintiff; that the amount due plaintiff for the purchase money, amounting to $200 and interest thereon, was and is the first lien on the lots, with prayer that the property be sold to satisfy the same with interest and costs.

The decree in the former action brought by Tidball & Fuller to foreclose their mechanic's lien, no appeal having been taken therefrom, is conclusive of the rights of all the parties thereto and their privies. As already stated, the

Heiderstadts were defendants in that action. They filed an answer and cross-petition therein setting up facts, which if established by the evidence, would have entitled them to a vendor's lien on said premises. The decree gave them no relief, but the lots were ordered sold to satisfy the various mechanics' liens, and, under the decree, the premises were sold by the sheriff to Tidball & Fuller, appellee Duncan's grantors. The decree, and sale in pursuance thereof, cut off all equities of the parties to the action. Plaintiffs herein are the grantees of the Heiderstadts, and are therefore their privies. It is too well settled to require the citation of authorities in support thereof that a judgment or decree, not appealed from and unreversed, is a bar to a subsequent action between the same parties or their privies upon the same subject-matter litigated in the first suit.

The judgment in the ejectment suit brought by Duncan against the appellants herein and others, who were in possession of the premises, is likewise a bar to this action. No equitable defense was interposed. That suit was defended upon the ground that the defendants had a good and valid title to the lots in controversy, and that the title obtained through the sheriff's deed in the mechanic's lien foreclosure case was void and created a cloud upon the defendants' title. The trial court decided the issues in Duncan's favor. A writ of restitution was issued, and Duncan was put into possession of the premises. If these appellants had any equities in the property they should have pleaded the facts in their answer in the ejectment suit. They are estopped by the judgment in that case from doing so now. The judgment of the district court is right, and is therefore

AFFIRMED.