FIRST NATIONAL BANK OF ATCHISON, KANSAS, v.
ELIZA J. PRICE *et al.*
Nos. 12,774, 13,338.   (70 Pac. 938.)

JUDGMENTS—*Right of Set-off.*   Where the proceeds of an insurance
policy were deposited in court to abide the decision of adverse
claims and were withdrawn by a bank under a judgment in its
favor, which was subsequently reversed upon review, and an order
of restitution entered by the reviewing court, the bank was not
entitled to set off against such order of restitution a personal
judgment against the beneficiary to whom the reviewing court
had awarded the fund.

Error from Atchison district court; W. T. BLAND,
judge.   Opinion filed December 6, 1902.   Affirmed.

*C. D. Walker, W. F. Guthrie,* and *J. L. Berry,* for
plaintiff in error.

*Waggener, Horton & Orr,* for defendants in error.

*Per Curiam:*  Money due on an insurance policy was
brought into court to have determined whether it
should be paid to the First National Bank of Atchison
or to Eliza J. Price.   The claims of each party to the
fund were presented, and the district court decided in
favor of the bank, and under that decision the bank
obtained the fund.   Price appealed to the supreme
court, where it was determined that the district court
was in error, and judgment in favor of Price was per-
emptorily directed.   (*Price v. Bank,* 62 Kan. 743, 64
Pac. 639.)   On the mandate of the supreme court, the
district court entered judgment ordering the restitu-
tion of the $5252.16, which the bank had obtained
from the clerk of the court on the erroneous judgment.
At that hearing the court found that the bank had no
right, title, interest or lien on the fund, and adjudged
that it be forever debarred from claiming any right,
title or interest in it, and, to enforce the order of resti-

tution, execution was awarded. That stands as a final adjudication of the court, no proceeding in error having been brought to review or reverse the same. Instead of restoring the money the bank brought an action to set off a judgment obtained against Eliza J. Price on May 21, 1897, against the order of restitution. The right of set-off was denied by the court, and proceedings in error have been brought here by the bank.

It is plausibly argued that the right of the bank to this fund was formerly adjudicated, and that as the judgment rendered is valid and stands unreversed and unquestioned, it is conclusive. In that adjudication the question was whether the bank should obtain the proceeds of the insurance policy to apply on the judgment indebtedness of Price to it, and it was determined in the negative, and an order made barring the bank from thereafter claiming any title, right or interest in such proceeds. The bank claimed the money because of an alleged assignment to it, but it is strongly argued that the judgment rendered is binding, not only as to matters actually litigated, but also as to matters which might have been presented to sustain or defeat the contention of the bank; that the rule of *res judicata* applies as well to facts settled and adjudicated as to causes of action, and that, as the judgment which the bank set up was rendered in 1897, long prior to the adjudication mentioned in favor of Price, any and every right to the proceeds of the insurance policy could have been, and must be held to have been, litigated and finally decided.

But we prefer to place this decision on the ground that the judgment of the bank cannot be set off against an order of restitution. It was only an order to restore to the registry of the court money obtained from it on an erroneous judgment. The money had

been placed on deposit with the clerk to await a determination by the court as to its proper disposition, and, having been wrongfully withdrawn from the custody of the court, an order was made requiring the bank to bring the money back. It was not only competent for the court, but it was also its duty, to make the order in a summary way, and the duty of the bank promptly to return the fund was imperative. The fact that the party asking its return is insolvent and may be unable to meet the claims of the party required to restore it does not affect the duty of the court to require the bank to make immediate restoration. (*Bank v. Elliott*, 60 Kan. 172, 174, 55 Pac. 880.)

Judgments may be set off against each other where they are mutual and reciprocal, and where it is equitable to do so, but an order of restitution is quite unlike an ordinary personal judgment, such as the one which the bank desires to have set off against the order. The latter, as we have seen, is an order to restore a fund *in custodia legis* which was wrongfully taken therefrom, and is not a mere personal judgment in favor of the bank against Price. In such case the rule of set-off is not applicable. The first duty of the court is to have the fund returned to its possession, and the status restored to what it was when the money was wrongfully taken away. When it has been restored it will be time enough to invoke the aid of a court to inquire into other rights and to determine other controversies. In such cases it is clear that the right of set-off is not permissible. (*Bank v. Elliott*, supra ; *Hier v. Anheuser-Busch Brewing Ass'n*, 60 Neb. 320, 83 N. W. 77 ; *Bickett v. Garner*, 31 Ohio St. 28. See, also, *Hermann v. Miller*, 17 Kan. 328.)

The orders and judgments in both of the cases under consideration will be affirmed.

All the Justices concurring.