Duval v. Advance Thresher Co.

---

HARVEY M. DUVAL ET AL., APPELLEES, V. ADVANCE THRESHER COMPANY, APPELLANT.*

FILED OCTOBER 9, 1909.    No. 15,464.

Pleadings: CONSTRUCTION. Under the rule that pleadings will be construed most strongly against the pleader, the pleadings in this case examined, and the action *held* to be upon a contract for commissions. *Held*, further, that as to instalments of commission not due no recovery can be had at this time.

REHEARING of case reported in 83 Neb. 593. *Judgment modified and remittitur ordered.*

LETTON, J.

The only question in the case is whether the judgment is supported by the pleadings, no bill of exceptions having been preserved. The action is to recover commissions alleged to be due upon an agency contract for the sale of certain machinery. The petition alleges the contract of agency, the sale of goods by the plaintiffs for the defendant thereunder, payment for the goods by the purchaser, and the refusal of defendant to pay the commissions due, and declares that there is now due the sum of $504.05. The amended answer, upon which the case was

* See opinion on second rehearing, p. 184, *post*.

tried, admits the employment of the plaintiffs under a written contract of agency which is set forth, pleads that under the contract commissions were only payable when the goods were fully paid for, denies that plaintiffs made the sale, pleads that the sale was made in disregard of certain provisions in the contract, alleges that the notes taken for the goods have not been paid, and denies that the defendant is indebted to the plaintiffs in any sum whatever.

The allegations of the answer, denying that plaintiffs made the sale, and alleging that the commission is not due because the notes taken for the sale have not been paid, are inconsistent and contradictory. Under the rule that pleadings should be construed most strongly against the pleader, this answer amounts to an admission of the agency, the sale of the goods by the plaintiffs at less than the contract price, and a plea that the action is prematurely brought for the reason that the notes taken for the goods have not been paid.

The reply alleges that under the contract it was agreed that nonnegotiable commission certificates were to be issued by the defendant and delivered to the plaintiffs, representing commissions upon each instalment of purchase money, payable upon payment of the instalment, and that defendant refused to carry out this agreement, for the alleged reason that plaintiffs had not assisted in the sale. The reply further alleges that "all notes now due on said sale have been collected and paid, and there has been paid three instalments of the sum of $830.50, more than one-third of the total."

Upon the former hearing the pleadings were examined, and the action held to be upon the contract, and, since the recovery was in excess of the amount shown to be due by the pleadings, the judgment was reversed. At the present hearing it is strongly contended by the plaintiffs that the allegations in the reply with reference to the refusal of the defendant to issue commission certificates for each instalment to fall due pleaded a breach of the

entire contract, for which plaintiffs were entitled to recover damages, and therefore supported the judgment. It is probable that in a proper action the whole amount of damages recoverable for a breach of the contract might be recovered without waiting for each instalment of commission to become due, since the plaintiffs, having executed the contract on their part, would be entitled to recover whatever damages might accrue from the defendant's failure to perform. In such case the measure of damages would be the actual value of the commission certificates. This is as far as the cases cited by plaintiffs go. However, it is unnecessary to decide this point, for the reason that, according to the rule which we have just applied against the defendant with reference to the answer, the inconsistent allegations of the reply must also be construed most strongly against the pleader, and thus construed, and in accordance with the issue made by the petition and answer, the reply is an admission that the defendant's liability is on the contract, and not for a breach of it, and an allegation that only $830.50 has been paid upon the sale.

In the former opinion no mention was made of the averments of the reply with reference to the refusal to deliver commission certificates, yet, in the view we take of the pleadings, this allegation was properly disregarded, and the holding that the whole amount was not recoverable at the time the action was brought is the only one which is permissible as the pleadings stand. We think, however, that the plaintiffs were entitled to recover and the pleadings will support a judgment for the amount then due, being the agreed commission upon $830.50, which is $116.10, with interest from the time of the beginning of the action, amounting in all to $170.45.

The former judgment is therefore modified so that it will be affirmed without prejudice to future actions for the commission instalments when they become due, upon the condition that the plaintiffs within 30 days file a remittitur of $346.80, with interest from the date of the

judgment, with the clerk of this court; otherwise, the judgment of the district court is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

The following opinion on second motion for rehearing was filed December 14, 1909. *Former judgment modified:*

Appeal: REMITTITUR. Where this court compels a judgment creditor to remit part of his judgment as a condition to an affirmance of his case, and it is made to appear that the judgment has been executed, the creditor will be compelled to make restitution of the money he has collected in excess of the amount to which he is entitled, or, failing to do so, the entire judgment will be reversed.

PER CURIAM.

Defendant has filed a second motion for a rehearing, and a motion for a modification of the opinion and judgment of this court should a rehearing be denied. A supplemental transcript has been filed, and we are therein advised that the garnishee paid to the clerk of the district court $514.15, and plaintiffs received therefrom $473.20. Defendant suggests that, if we do not grant a rehearing, we should compel plaintiffs to pay the clerk for its use the amount of the remittitur. Plaintiffs argue that since defendant is a nonresident of the state, and subsequent to the entry of the judgment in district court collected $1,100 of the purchase price of the machinery referred to in this case, whereby further commissions became due them, if they are not permitted to retain defendant's money they cannot collect their dues. Plaintiffs also show that they are solvent. To the extent of the remittitur imposed by us and filed by plaintiffs, the judgment of the district court is vacated. To the extent that plaintiffs' property was taken to satisfy the sum remitted from the judgment, it was wrongfully taken and defendant is entitled to restitution. *Hier v. Anheuser-Busch Brewing Ass'n,* 60 Neb. 320. Had the facts been brought to our attention upon

the former hearings, we would have imposed that further condition in the order last made. We shall go no further, however, than to direct plaintiffs to pay to the clerk of the district court the money collected by them in excess of the $170.45 to which they are entitled. That defendant is a nonresident, that plaintiffs may be solvent, and have a further unliquidated claim against defendant does not, in our judgment, work an exception to the rule.

Our judgment is therefore further modified so that, unless plaintiffs shall pay to the clerk of the district court in this case on or before January 15, 1910, $302.75, the motion for a rehearing will be granted, the judgment of the district court reversed and the cause remanded for further proceedings; but, if said money is thus paid, and the certificate of the clerk of the district court filed with us showing said fact, the motion for a rehearing will be overruled; defendant to pay the costs taxed in this court on the motion herein considered.

JUDGMENT ACCORDINGLY.