## JEREMY FUEL & GRAIN CO. v. MELLEN

No. 2955.   Decided April 28, 1917.   Rehearing denied June 21, 1917.
(165 Pac. 791.)

1. JUDGMENT—RES ADJUDICATA—QUESTION FOR JURY. It is proper for the court to determine the question of res adjudicata as a question of law where there is no dispute regarding the effect of matters or controversies in either the former or the instant action.   (Page 54.)

2. JUDGMENT—CONCLUSIVENESS—RES ADJUDICATA. Plaintiff seeks to recover upon a negotiable note given in consideration of a crusher and motor. In a prior action in which this defendant was a party, plaintiff sought to foreclose a chattel mortgage lien on said crusher and motor, and in such action the court found that the plaintiff had

no right, title, or interest to the crusher or motor, and quieted defendant's title thereto. *Held* that, as plaintiff was required to allege and prove consideration as an essential element of his cause of action, the former action is res adjudicata of the question of his ownership of the only consideration for the note, and is sufficient to dispose of his claim in this action; it not being necessary that the form of both actions be the same if the question directly involved in the first action is also directly involved in the second. (Page 54.)

3.  JUDGMENT—CONCLUSIVENESS—RES ADJUDICATA. The fact that the finding in the former action quieting title to the crusher and motor in the defendant went beyond the allegations of defendant's answer in the instant case is immaterial, and in no way affects the question of res adjudicata. (Page 56.)

4.  JUDGMENT—CONCLUSIVENESS—RES ADJUDICATA. As defendant's counterclaim in the instant case for an amount paid on the note was necessarily connected with the same transaction on which the plaintiff based his first cause of action as well as the present, his right to recover on the counterclaim is now barred by his failure to raise it in the former action. (Page 56.)

5.  JUDGMENT—COSTS ON APPEAL. Under Comp. Laws 1907, section 2970, providing that, if a defendant omit to set up a counterclaim, neither he nor his assignee can maintain an action against the plaintiff therefor, plaintiff is now barred from recovering on his counterclaim by his failure to set it up in the former action entirely apart from the question of res adjudicata. (Page 56.)

6.  COSTS—COSTS ON APPEAL. Where on appeal a plaintiff succeeds in modifying a judgment against him on defendant's counterclaim, but practically plaintiff's whole record and brief are devoted to combating a ruling of the court against him which was affirmed, costs should be awarded to neither party. (Page 57.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action by Jeremy Fuel and Grain Company against J. W. Mellen, in which defendant filed a counterclaim.

Judgment for defendant. Plaintiff appeals.

Judgment reversed as to counterclaim and otherwise affirmed, and case remanded with directions.

*G. M. Sullivan* for appellant.

*Stewart, Stewart & Alexander* for respondent.

FRICK, C. J.

The plaintiff, after alleging the necessary matters of inducement in its complaint, alleged as follows:

"That during the month of June, 1913, for a valuable consideration, the defendant executed and delivered to the plaintiff his certain paper writing, wherein and whereby he promised and agreed to pay to the plaintiff the sum of $600 during the month of July, 1913; that thereafter defendant paid upon said written obligation, the sum of $80, and no more, and there is a balance now due plaintiff from defendant upon said written promise the sum of $520, together with interest thereon from July 1, 1913."

The plaintiff prayed judgment accordingly.

The defendant answered the complaint, and in his answer he admitted "that on or about the 8th day of June, 1913, he signed a certain paper," a copy of which is set forth in the answer, and to which we shall refer later. The defendant also admitted that $80 was paid "upon said writing." The defendant then at great length sets forth that the plaintiff had commenced a former action in which it had sought to recover upon the same cause of action, that the defendant, with others, was a party to said action, and that the right of plaintiff to recover upon the present cause of action had been fully determined and adjudicated against the plaintiff in said former action. Defendant also set up a plea of want of consideration for said writing, and in a counterclaim demanded judgment for the $80 aforesaid. There was a reply, the averments of which it is not necessary to refer to.

The issues were tried to a jury, but when both parties had rested the defendant requested the court to direct the jury to return a verdict in favor of the defendant upon the plea of former adjudication, and also upon the plea of failure of consideration, and further asked that the court direct the jury to return a verdict in his favor for the $80 upon his counterclaim. The court granted defendant's motion upon the plea of former adjudication, and directed the jury to return a verdict as requested by the defendant, and also directed the jury to find in favor of the defendant upon the counterclaim.

The jury returned a verdict as directed, upon which judgment was entered.

Plaintiff appeals from the judgment, and insists that the court erred both in directing a verdict on the plea of former adjudication and on the counterclaim for the $80. Plaintiff's counsel vigorously contends that the district court erred in sustaining the plea of former adjudication, while defendant's counsel as vigorously insist that, under the undisputed facts and the law applicable thereto, the district court could not do otherwise.

The facts upon which the plea of former adjudication rests, and upon which the court acted, briefly stated, are as follows: On June 8, 1913, defendant signed and delivered to the plaintiff the writing before referred to, which reads as follows:

"Salt Lake City, Utah, June 8, 1913.

"For value received, as expressed in a certain bill of sale dated today, I hereby agree to pay to the Jeremy Fuel & Grain Company the sum of $600.00 on or about July 1, 1913.

"J. W. Mellen."

The bill of sale referred to in said writing reads as follows:

"Sold to Jeremy Fuel & Grain Company for the sum of six hundred dollars ($600.00) 1 Climax No. 3 crusher, 1 thirty horse power motor.

"Received payment. Bollwinkel Bros., by John Bollwinkel. Witness, J. W. Goodfellow.

"We hereby transfer the above-described bill of sale to J. W. Mellen in consideration of the sum of $600.00, payment of which is hereby acknowledged. Jeremy Fuel & Grain Co., per J. W. Goodfellow, Agt."

On July 7, 1913, the plaintiff in this action commenced an action against the Bollwinkel Bros. mentioned in said bill of sale to recover a certain sum of money claimed to be due from said Bollwinkel Bros. to the plaintiff and to foreclose said bill of sale. The plaintiff in said complaint, among other things, alleged:

"That on or about the 15th day of February, 1913, the defendants made, executed, and delivered to the plaintiff their

certain bill of sale for one Climax No. 3 crusher and one 30 horse power motor, that said instrument was given by the defendants, and was accepted by the plaintiff as security for the payment of defendant's account to the plaintiff, part of which amount was then due to the plaintiff, and that it was in reliance upon said security that the plaintiff made further sales upon credit to the defendants.''

The plaintiff prayed judgment that ''said bill of sale be foreclosed as a chattel mortgage and the property therein directed sold,'' and that the proceeds ''be applied upon the plaintiff's claims.'' Among others who were made parties to said foreclosure action, or who intervened therein, was the National Bank of Republic. The bank in its answer, in effect, averred that it had obtained a judgment against said Bollwinkel Bros. for a sum in excess of $1,100; that execution had been duly issued on said judgment and had been levied upon certain real estate belonging to said Bollwinkel Bros. which was duly advertised and sold by the sheriff; that the ''Climax No. 3 crusher,'' and the ''thirty horse power motor'' mentioned in said bill of sale were affixed upon and constituted a part of the real estate levied on and sold under the execution aforesaid, and that the plaintiff in said action (who is the plaintiff in this action) had acquired no right, title, or interest whatever in or to said Climax No. 3 crusher or in said 30 horse power motor. Defendant in this action was substituted for the bank in the former action and adopted the bank's answer as his own. The court in the former action, in substance, found that said Climax No. 3 crusher and said 30 horse power motor were ''annexed to and affixed upon,'' and constituted a part of the real property which was sold under the execution aforesaid, and which had been purchased by the bank, and by the bank transferred to the defendant. As a conclusion of law the court also found as follows:

''That the plaintiff, Jeremy Fuel & Grain Company, a corporation, has no interest in the property described in plaintiff's complaint and in the findings of fact herein; that neither John Bollwinkel, nor J. P. Bollwinkel, nor the firm of Bollwinkel Bros., nor A. T. Moon, intervener herein, have any

interest in the property described in the complaint, and in the findings herein; that as against all of the parties to this action the said Joseph W. Mellen is the owner of said property; that the said Joseph W. Mellen is entitled to judgment quieting his ownership in said personal property in these findings described; and for costs incurred."

Judgment was accordingly entered in favor of the defendant, Mellen, who, as before stated, had been substituted for the bank.

On the trial of the case at bar it was made to appear without dispute that the consideration for the writing sued on in this action was the Climax No. 3 crusher and the thirty horse power motor, and nothing else; that the expression "for value received," as it is expressed in the writing, referred to the crusher and motor aforesaid, and to no other consideration. The district court, upon the undisputed evidence, thus determined, as a matter of law, that the right of the plaintiff to recover upon the writing in question had been adjudicated in the former action. There being no dispute regarding the effect of the matters in controversy in either the former or in the present action, it was proper for the court to determine the question of res adjudicata as a question of law. 2 Black on Judgments, section 631.

The question, however, still remains: Is the plaintiff's cause of action in this action the same as in the former one? In other words, was the subject-matter litigated in the two actions, so far as the plaintiff and the defendant are concerned, the same? It certainly is clear enough that what the plaintiff sought to recover in the first action was a certain amount of money, the payment of which it asserted was secured by certain property consisting of one Climax No. 3 crusher and one thirty horse power motor. Plaintiff there claimed that it had a lien on said crusher and motor, and asked to have them sold and the proceeds thereof applied in payment of its claim. The court found against plaintiff's contention in that regard, and found that it had no right, title, or interest in or to said crusher, or said motor, or either of them. Now, while it is true that the action in this case is based on the writing aforesaid,

it is equally true that the undisputed evidence shows that the only consideration for the writing in question was the crusher and motor aforesaid. Whether the plaintiff had ever acquired any interest in said crusher and motor was therefore one of the issues in the former action, which issue was found against the plaintiff. In this action it must not be overlooked that the writing in question is not a negotiable instrument, and hence does not import a consideration. The plaintiff was therefore required to allege and prove a consideration. In view that the evidence is without conflict, that the only consideration for the writing was the crusher and the motor, and that the evidence is also undisputed that it was adjudicated in a former action that the plaintiff at the time the writing was given did not have, and that it never had, any right, title, or interest in said crusher or motor, or in either of them, therefore the question of consideration for the writing in question, and which the plaintiff was required to establish, was adjudicated in the former action. An essential element which the plaintiff was required to prove as part of his cause of action in the present action was therefore adjudicated against him in the former action, and hence, as between the parties to this action, that issue is res adjudicata. Suppose the plaintiff had prevailed in the former action, and the crusher and motor had been sold, and the proceeds thereof applied in satisfaction of its claim; could it successfully maintain another action on the writing in face of the former judgment in case that judgment was pleaded as is done in this case? We think no one would seriously so contend. If the plaintiff would be estopped from maintaining a second cause of action if it had succeeded in the first one, it is likewise estopped from successfully maintaining the second one in case it failed in the first one. This case comes squarely within the rule laid down by the author in 2 Black on Judgments, section 609, in the following words:

"It is a fundamental and unquestioned rule that a former judgment, when used as evidence in a second action between the same parties, or their privies, is conclusive upon every question of fact which was directly involved within the issues made in such former action, and which is shown to have been actually litigated and determined therein."

In *Goodenow* v. *Litchfield*, 59 Iowa, at page 231, 9 N. W. 109, Mr. Justice Rothrock, in referring to the rule respecting former adjudication, says:

"The rule as appears to be well settled by all the authorities, is that, where a former judgment or decree is relied upon as a bar to an action, it must appear either by the record or by extrinsic evidence that the particular matter in controversy and sought to be concluded was necessarily tried and determined in the former action."

Neither is it necessary that the form of both actions be the same. The test is: Was the question directly involved in the first action and also directly involved in the second one? *Bank* v. *Rude*, 23 Kan. 143; *Spear* v. *Tidball*, 40 Neb. 107, 58 N. W. 708. The foregoing cases leave no room for doubt that the plea of res adjudicata in this case was established, and that the district court did not err in declaring it established, as a matter of law.

We are not unmindful of plaintiff's contention that the findings of the district court in the former action, in effect, quieting title to the crusher and motor in the defendant, went beyond the allegations of defendant's answer. If it be conceded that counsel is right in his contention, yet that 3 in no way effects the question we have just decided. The finding that the plaintiff did not have, and never had, any right, title, or interest in and to said crusher and motor, or in either of them, was in issue and is squarely found. That is quite sufficient to dispose of plaintiff's counsel in this action.

Plaintiff's counsel, however, also insists that the court erred in directing a verdict on defendant's counterclaim in his favor. It seems to us that, under the undisputed facts, counsel's contention should prevail. The counterclaim arose out of and was necessarily connected with the same 4, 5 transaction on which plaintiff based his first cause of action, as well as the present one. If, therefore, the defendant intended to counterclaim against the plaintiff, he should have done so in the first action. Suppose the defendant had sued the plaintiff in an independent action, and the plaintiff had set up the former adjudication. Could the defendant recover? It would seem not. But, entirely apart from the question of res adjudicata in the sense that question is usually considered,

the defendant is now barred from recovering under our statute, Comp. Laws 1907, section 2970.

As just pointed out, this claim arose out of the transaction set forth in plaintiff's complaint and was also connected with the subject of the action in both the former and the present action, and hence he cannot, under section 2970, supra, maintain a separate action for the amount claimed by him. Nor can he maintain a counterclaim in another action for such amount. (Plaintiff's reply was sufficient to raise the question of the defendant's right to recover on the counterclaim.) The court therefore erred in directing a verdict for the defendant. Indeed, under the undisputed facts, the court should have directed a verdict for the plaintiff against the counterclaim.

The only question left to determine is one of costs. While it is true that the plaintiff has succeeded in modifying the judgment, it is also true that practically plaintiff's whole record and brief are devoted to combating the court's ruling on the question of former adjudication. In view of that fact, we have concluded that costs should be awarded to neither party. The ruling and judgment of the district court on the question of res adjudicata are therefore affirmed, and the ruling and judgment on the counterclaim are reversed. In view, however, that this question is one of law merely, the cause is remanded to the district court of Salt Lake county, with directions to set aside the judgment upon the counterclaim in favor of the defendant and to enter a judgment in favor of the plaintiff and against the defendant upon the counterclaim.

McCARTY and CORFMAN, JJ., concur.