[Sac. No. 5126. In Bank.—August 23, 1937.]

K. A. BUCKMAN, Appellant, v. IDA TUCKER, as Executrix, etc., Respondent.

J. O. Stemmler and Walter F. Lynch for Appellant.

Charles P. Snyder and George F. Snyder for Respondent.

SEAWELL, J.—David Thompson, since deceased, on September 8, 1934, brought an action against appellant K. A. Buckman in a class A justice's court in San Joaquin County to recover the sum of $439.72, plus interest from July 16, 1934, which sum was claimed to be due from Buckman to Thompson for money alleged to have been paid by Thompson for the use and benefit of Buckman. In that action Thompson attached certain moneys of Buckman. Subsequently that action proceeded to trial, resulting in a judgment for Thompson in the sum of $439.72 plus $8.95 costs. Buckman appealed to the superior court, but did not file a stay bond. Thompson secured the issuance of a writ of execution and collected the amount of his judgment on February 18, 1935. In May of 1935, a trial *de novo* was had in the superior court and, on the 28th of that month, the superior court caused to be entered a judgment of dismissal of Thompson's action on the ground that, under the agreement of the parties, it had been prematurely brought—that the debt would not mature until July, 1935. It is here to be noted that Buckman did not at that time in that action seek restitution of the money secured by Thompson under the execution, as she might have done under the procedure outlined in section 957 of

the Code of Civil Procedure. (See 2 Cal. Jur. 1000, sec. 592.)

Thereafter, and on July 10, 1935, Buckman commenced the present action against Thompson in the Superior Court of Calaveras County, residence of Thompson, on a money had and received complaint, for $454.46, that sum concededly including the $439.72 plus $8.95 costs awarded Thompson by the justice's court, plus the costs of the execution. Thompson thereafter on July 24, 1935, filed a pleading entitled "Answer and Cross-Complaint", denying the allegations of the complaint and asserting by way of counterclaim and cross-complaint the identical claim for $439.72 plus interest that had been the subject of the justice's court action. This claim, by the time the answer was filed, had matured. In the trial court Buckman contended, and now contends here, that inasmuch as her action for money had and received is to recover for money paid under a judgment later reversed, such action is one for restitution, and that it is not proper nor permissible in such action for the defendant to set up a counterclaim or set-off. The trial court rejected this contention. After a trial on the merits, the court found that in February, 1935, Thompson received the sum of $454.46 to and for the use of Buckman; that Buckman did not demand interest; that on July 16, 1934, Thompson, at the request of Buckman, advanced for her account and benefit $439.72; that Buckman promised to repay the same on or before July 1, 1935, but failed to do so; that interest on said sum from July 16, 1934, to October 29, 1935, is $38.57; that Thompson's counterclaim does tend to diminish and defeat Buckman's recovery; and that the two claims originated out of the same transaction. The court thereupon granted a judgment in favor of Thompson for $23.83, that sum being the difference between the amount borrowed by Buckman ($439.72 plus interest of $38.57) and the amount received by Thompson on the execution, $454.46.

On this appeal appellant's main contention is that a set-off or counterclaim cannot be set up in an action based upon an attempt by a plaintiff to recover money or property seized under a judgment subsequently reversed or vacated. It is respondent's contention that under section 438 of the Code of Civil Procedure, as amended in 1927, such right of set-off exists.

It is undoubtedly true that most courts have held that in a proceeding for restitution, upon reversal or vacation of the judgment, the claim for restitution is not subject to a claim of set-off. The subject is discussed in an annotation appearing in 101 A. L. R. 1148. In that annotation five cases are relied upon as sustaining the view that a set-off cannot be allowed in such an action. A California case, *Levy* v. *Drew,* 4 Cal. (2d) 456 [50 Pac. (2d) 435, 101 A. L. R. 1144], is also referred to. This case will be discussed later. The five cases referred to are *Morgan* v. *Hart,* 9 B. Mon. (48 Ky.) 79, *Conover* v. *Scott,* 11 N. J. L. 400, *First Nat. Bank of Atcheson* v. *Price,* 65 Kan. 853 [70 Pac. 938], *Plaza Farmers' Union Warehouse & El. Co.* v. *Tomlinson,* 183 Wash. 617 [49 Pac. (2d) 36, 101 A. L. R. 417], and *Hier* v. *Anheuser-Busch Brewing Assn.,* 60 Neb. 320 [83 N. W. 77]. In our opinion, the reasoning of those cases is not persuasive here. In the first place, in the first four of the above cases the proceeding was in fact a summary proceeding for restitution. Either the appellate court at the time of reversal had summarily ordered restitution, or the trial court, pursuant to motion, had made such summary order. In such summary proceeding it was correctly held that it would tend to confuse the issue to permit a set-off. Those cases would undoubtedly be in point if, upon reversal of the justice's court decision, the superior court had ordered restitution pursuant to the summary procedure outlined in section 957 of the Code of Civil Procedure. It is quite clear that in a summary supplemental proceeding of that character collateral issues, such as a right of set-off, should not and cannot be considered. These cases cannot be held to be determinative of the situation here presented. In this case Buckman did not avail herself of the summary procedure that was open to her. She elected to commence an independent action for money had and received. The cause of action is simply set forth in a common count. There is nothing on the face of the complaint to indicate that the action was for restitution of money secured under a reversed judgment. We are of the opinion that, having elected to proceed in an independent action of such a nature, it must be held that such action differs in no way from any other action based on implied contract and that a defendant may counterclaim for any claim falling within section 438 of the Code of Civil Proce-

dure. It is true that in the *Hier* v. *Anheuser-Busch Brewing Assn.* case, *supra*, the proceeding was not summary nor supplemental, but was an independent action. Not only was it an action for restitution, but the decision was based entirely on common-law principles. No reference was made to any statute comparable to section 438 of the Code of Civil Procedure.

Appellant places great reliance on the case of *Levy* v. *Drew, supra*. In that case Drew sued a corporation for money allegedly due him. In that action he attached the corporate bank account. The corporation defaulted, execution issued, and Drew collected the sum due him. Thereafter the judgment was vacated, the default opened, and an answer filed. This took place in 1927. The cause was never brought to trial and was dismissed for lack of prosecution in 1933. In 1928 the corporate defendant was declared an involuntary bankrupt and Levy was appointed trustee. In 1929, Levy, as trustee, commenced an action to recover the money collected under the judgment subsequently vacated. Drew sought to offset his claim against the corporation. The court held that under the bankruptcy law Drew could not offset his claim against the claim of the trustee for restitution. At page 460, the court held:

"It is equally well settled that the unauthorized possession of funds of the bankrupt can give the creditor no right to apply them to the payment of his own claim to the prejudice of other creditors," citing many federal cases.

It is true that there is some general language in that case tending to indicate that a right of set-off does not exist whenever an action for restitution is involved. Most of the cases cited in the opinion involved the rights of third persons. In so far as the language indicates that where only the rights of debtor and creditor are involved, a counterclaim cannot be maintained, such language was merely *dicta*. The only question involved therein was whether under the bankruptcy act, where the rights of other creditors were involved, a right of set-off could be exercised. That turned entirely upon an interpretation of the federal statute, the federal cases having already decided the question adversely to the counter-claimant. The provisions of section 438 of the Code of Civil Procedure were not involved nor referred to in the opinion. The case cannot be held to be authority here.

■ So far as pertinent here, section 438, as amended in 1927, provides:

"The counterclaim . . . must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action; . . . and provided further, that the court may, in its discretion, order the counterclaim to be tried separately from the claim of plaintiff."

The proper interpretation of this section was before this court in *Terry Trading Corp.* v. *Barsky,* 210 Cal. 428, 435 [292 Pac. 474, 477], where it was stated:

"Under the amendment to section 438 of the Code of Civil Procedure, adopted in 1927 and prior to the filing of the answer and cross-complaint herein, the sole requisites of a counterclaim are that it 'must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action.' All of the other limitations were abolished by this amendment, and an intent on the part of the legislature to avoid multiplicity of suits and to have all conflicting claims between the parties settled in a single action was most clearly manifested. . . . Under the amendment it is not necessary that there be any connection between the cause of action set up in the complaint and that which forms the basis of the counterclaim. Indeed, the statute contemplates the pleading of unrelated matters as counterclaims by providing that 'the court may, in its discretion, order the counterclaim to be tried separately from the claim of the plaintiff.' " (See, also, *Thomsen* v. *Culver City Motor Co., Inc.,* 4 Cal. App. (2d) 639 [41 Pac. (2d) 597].)

Applying the reasoning of these cases to the instant case, we are of the opinion that defendant could properly counterclaim for the indebtedness due from plaintiff. It would certainly not tend to prevent circuity of action and multiplicity of suits to permit plaintiff to proceed to judgment on her claim and to compel defendant to maintain an independent action on his claim, when the two matters could so easily be determined in the same action.

■ The appellant likewise complains of the exclusion of certain evidence. A reading of the record indicates that although the trial court unduly restricted the examination

of plaintiff, the evidence sought to be thus secured was introduced substantially in another manner. In any event, under section 4½ of article VI of the Constitution, no reversible error was thus committed.

However, the judgment of the trial court was clearly incorrect in respect to its allowance of interest. The trial court correctly found that on July 16, 1934, Thompson loaned to the plaintiff the sum of $439.72. The court allowed interest on this amount at the rate of 7 per cent from that date until October 29, 1935, amounting to $38.57. This was erroneous. Defendant Thompson had execution issued on February 18, 1935. It is obvious from the date that the defendant thus came into possession of the money that he had dominion and control thereof, and interest should have terminated on that date. The allowance for interest should have been from July 16, 1934, to February 18, 1935, at 7 per cent and would amount to the sum of $18.12 instead of $38.57, a difference of $20.45. The judgment, therefore, is excessive to the extent of $20.45 and should be modified by deducting the amount of $20.45 from $23.83, leaving the correct amount of the judgment as $3.38. It is ordered that the judgment be so modified, and as modified, it is affirmed. The respondent is to recover her costs.

Edmonds, J., Langdon, J., Curtis, J., Shenk, J., and Nourse, J., *pro tem.*, concurred.