285 P.2d 839

Vito **TODARO** and Guiseppe Fontana, Appellants,

v.

J. D. **GARDNER**, Respondent.

No. 8239.

Supreme Court of Utah.

July 1, 1955.

Benjamin Spence, Salt Lake City, for appellant.

Richards & Bird, Dan S. Bushnell, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Appeal from a judgment allowing a set off against a judgment secured in Arizona. Appellants, who were plaintiffs below, maintain that the matters alleged in the counterclaim were adjudicated in the Arizona Courts and decided in their favor and hence cannot be interposed as a defense in the present action on the judgment, and that the trial court erred in that it failed to give full faith and credit to the determination of a sister state.

The appellants received $5,000 from the respondent during negotiations for the sale of a motel in Arizona. No written contract was entered into by the parties and because of various difficulties encountered, the transaction was abandoned. The respondent requested the return of the $5,000 and finally brought suit, alleging in two counts that the money was a loan or that it was due him by virtue of a rescission of the contract. The Arizona trial court awarded him judgment on the first cause of action, holding that the appellants had received the money as a loan. Upon this judgment, respondent garnished the bank accounts of appellants and received payment, but the Supreme Court of Arizona reversed the trial court in the case of Todaro v. Gardner, reported at 72 Ariz. 87, 231 P.2d 435, and remanded the cause with directions to enter judgment for the defendants (appellants). The judgment here sought to be enforced is represented by a Transcript of the Judgment Docket in the Superior Court of Maricopa County, Arizona, and a copy of an order made in the Civil Docket and Fee Book, showing a judgment entered from the minutes awarding Todaro and Fontana $5,000 with 6% interest from June 29, 1949, against Gardner. The judgment is not supported by findings and we assume from the pleadings and admissions of the parties that it was rendered to make restitution of the money obtained under the garnishment proceedings.

The defense presented before the trial court to the action on this judgment was that the money was advanced to Todaro and Gardner in contemplation of the purchase of a motel, which was subject to an express condition precedent that the motel could be operated without any danger of being in violation of government regulations and that the condition was never met. The trial court admitted evidence and made its findings in accordance with this theory.

In support of the argument that the trial court should not have allowed respondent to produce evidence as to his affirmative defense, appellants present us with an array of legal authority to the effect that a party is concluded in a subsequent matter not only as to matters actually determined in the prior action, but also as to other issues which could properly have been determined. 30 Am. Jur., Judgments, secs. 161 ff.; Stephani v. Abbott, 137 Cal.App. 510, 30 P.2d 1033; Logan City v. Utah Power & Light Co., 86 Utah 340, 16 P.2d 1097; Everill v. Swan, 20 Utah 56, 57 P. 716; Peay v. Salt Lake City, 11 Utah 331, 40 P. 206. These authorities present the policy of the law to foreclose piecemeal litigation and hold, generally, that a judgment in favor of the plaintiff is an adjudication, not merely as to the existence of the plaintiff's cause of action, but, as to the non-existence of any defenses thereto. We accept this reasoning but cannot force an application of the doctrine to the present case. Here, no facts were found adverse to plaintiff's recovery on his present counterclaim either on the trial in the lower court in Arizona or on appeal, and the reversal of the judgment was based solely on the conclusion to be drawn from the particular facts. While the trial court found that plaintiff had loaned the money, the appellate court determined that the facts involved did not give rise to a right to recover for money loaned. The report of the case, Todaro v. Gardner, supra [72 Ariz. 87, 231 P.2d 438], clearly negatives the proposal that the Arizona Supreme Court decided against Gardner on the matter presented before the Utah Court:

"Plaintiff having failed to produce any direct testimony or any testimony from which an inference might be reasonably drawn to substantiate the theory of a loan, we are compelled to hold that the judgment is wholly unsubstantiated by any competent evidence. * * Counsel have also argued that it would be unfair and inequitable to allow defendants to retain the money upon the theory that such retention would constitute an unjust enrichment. This argument has no place here because such a suggestion would have to be predicated upon the theory of a contract and its rescission. We are not here concerned with the rights of a purchaser in a contract for the sale and purchase of land where the right of rescission is claimed or the attempt is made to avoid a forfeiture. Plaintiff bases his right to recover the $5,000 here involved and the judgment of the trial court was based solely upon the ground of a loan to defendants. * * *"

The judgment is certainly res judicata insofar as it held that plaintiff's first cause of action was not supported by the evidence, but it cannot be res judicata, however, as to any matters which the court expressly refused to determine. Cason v. Glass Bottle Blowers Ass'n of United States

and Canada, 37 Cal.2d 134, 231 P.2d 6, 21 A.L.R.2d 1387. Accordingly, the rule that a party cannot split his cause of action and obtain piecemeal recovery is inapplicable.

Illustrations in section 65, Restatement of Judgments, contain closely analagous situations:

"Sec. 65(2) Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy.

"j. Wrong remedy—Actions for breach of contract and for restitution. Where the plaintiff brings an action for breach of contract and judgment is given for the defendant on the ground that he is not liable for breach of contract, the plaintiff is not precluded from subsequently maintaining an action for restitution based upon the benefit received by the defendant from the plaintiff.

"(Illustrations) 7. A brings an action against B for damages for breach of an oral contract for the sale of land. Judgment is given for B on the ground that the contract is unenforceable because of the Statute of Frauds. A is not precluded by the judgment from maintaining an action for restitution to recover money paid for the land.

"8. A and B make an agreement under which A agrees to purchase and B agrees to sell the ship "Peerless" for $10,000. A makes an advance payment of $1000. There are two ships "Peerless," equally well known. A knows only of one, and B of the other which B owns, each being reasonable in his belief. A brings an action against B for damages for breach of contract, and judgment is given for B on the ground that owing to the mistake there was no contract. A is not precluded from maintaining an action against B for restitution of the advance payment."

■ The language of the decision of the Supreme Court of Arizona does not estop Gardner from setting up his claim to recover the money paid in contemplation of the contract. Appellants argue that because Gardner filed a petition for rehearing setting forth these additional grounds and the Supreme Court denied the rehearing, the matter was determined against him. We cannot see how this fact adds anything to the analysis of the original opinion, except that it emphasizes the Court's refusal to consider theories other than that presented by the decision of the lower court.

■ The second phase of this question involves whether or not Gardner was precluded from setting up his present defense and counterclaim by his failure to plead it before the Arizona court after the reversal of his case by the Supreme Court. The Arizona law was not pleaded below and hence this court follows the legal presumption that in the absence of evidence to the contrary, the statute of another state on a

particular subject is deemed to be the same as the statute of this state. Shurtliff v. Oregon S.L.R. Co., 66 Utah 161, 241 P. 1058; Buhler v. Maddison, 105 Utah 39, 140 P.2d 933. Rule 13(a) U.R.C.P. (U.C.A. 1953, 78) is known as the compulsory counterclaim rule and provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *."

■ Under similar antecedent statutes, it has been held that a counterclaim not presented to the court on a matter involving the same transaction is forever barred. Cox v. Dixie Power Co., 81 Utah 94, 16 P.2d 916; Jeremy Fuel & Grain Co. v. Mellen, 50 Utah 49, 165 P. 791; Moss v. Taylor, 73 Utah 277, 273 P. 515.

■■ However, the courts in considering whether or not a set-off may be pleaded where restitution is demanded after a reversal of a judgment have uniformly held that set-off is unavailable as to execution money, even though the party seeking restitution is insolvent. First Nat. Bank v. Price, 65 Kan. 853, 70 P. 938; Levy v. Drew, 4 Cal.2d 456, 50 P.2d 435, 101 A.L.R. 1144. In distinguishing an order or judgment for restitution after reversal of the judgment from the ordinary personal judgment, the courts apply several theories: that upon reversal of the judgment, the judgment creditor holds the money collected as trustee for the judgment debtor and cannot set off amounts owing him in his individual capacity, Levy v. Drew, supra; that because of the somewhat summary character of the judgment of restitution, it would be inconvenient and confusing to permit such a set-off, Morgan v. Hart, 9 B. Mon., Ky., 79; or that upon reversal or vacation of the judgment, the judgment debtor must be restored to his position as though no judgment had been entered at all, First Nat. Bank v. Price, 65 Kan. 853, 70 P. 938; Hier v. Anheuser-Busch Brewing Ass'n, 60 Neb. 320, 83 N.W. 77.

■ Therefore, Gardner was not estopped by judgment from pleading his present counterclaim in that the Supreme Court of Arizona expressly refused consideration of the matters here set up and he had no opportunity to plead it before the trial court which entered judgment against him. The lower court properly permitted evidence on the counterclaim.

■ Our attention has been called to the fact that although no demand was made for affirmative relief, the trial court ordered that, in addition to the $5,000 pleaded by way of set-off, interest was to be computed for the time during which the debt was owing. First, setting this off against the judgment previously obtained by the plain-

tiff, the court then rendered judgment for the defendant for $399.95 on the excess. The plea entered by defendant was entitled and purported to be merely a defense to plaintiffs' action on their judgment; therefore, the trial court erred in granting affirmative relief. The judgment is modified to strike that portion and as so modified is affirmed. Each party to bear his own costs.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.