311 P.2d 787

Edyth H. WESTERFIELD, formerly known as Edyth H. Coop, Respondent,

v.

Wilmer T. COOP, Appellant.

No. 8616.

Supreme Court of Utah.

May 24, 1957.

George B. Handy, Ogden, for appellant.

Young, Thatcher & Glasmann, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment for back alimony and support money which had been awarded in a California divorce decree. Affirmed, with costs to plaintiff.

The California judgment was pleaded and conceded.

The Utah court applied the Utah statute of limitations to certain amounts claimed, to which no one took timely exception, and counsel for defendant, at the end of the trial, generally pleaded the statute of limitations, but not in accordance with our rules.[1] Statutes of limitation, therefore, are not pertinent on this appeal.

The Utah court took it upon itself to make findings apportioning the California judgment among the plaintiff and 3 children equally, though the California court had awarded an unapportioned monthly lump sum. There was no seasonable objection directed toward said finding, and we will not entertain such objection for the first time on appeal.

The only question involved is whether the California judgment calling for alimony and support money installments must be given full faith and credit under the Federal Constitution.[2] We answer "yes."

No California statute was pleaded or proved indicating that the law of that State is any different than ours, so we presume it to be like our own.[3] Therefore, so far as this case is concerned, alimony and support payments become unalterable debts in

---

1. Rule 9(h), Utah Rules of Civil Procedure require pleading of statutes of limitation by specific description and by section number of the statute.

2. U. S. Constitution, Art. 4, sec. 1.

3. Todaro v. Gardner, 3 Utah 2d 404, 285 P.2d 839.

Utah as they accrue,[4] and it is inescapable, therefore, that under the authorities generally they demand recognition under the full faith and credit clause,[5] and we so hold.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

4. Myers v. Myers, 62 Utah 90, 218 P. 123, 30 A.L.R. 74.

5. 157 A.L.R. 170 et seq.