Dixie WHITAKER, aka Dixie D'Oliver, Plaintiff and Respondent,

v.

James WHITAKER, Defendant and Appellant.

No. 14329.

Supreme Court of Utah.

June 10, 1976.

---

the support of each of the two minor children. The defendant failed to pay the support money, and on May 19, 1972, an order issued out of the court ordering the defendant to appear and to show cause why he should not be held in contempt of court for his failure to make the payments as decreed. After a hearing was had on May 31, 1972, the court found that the defendant was in contempt of court, but the order permitted the defendant to purge himself of the contempt providing he paid $120 per month as support money for a period of five months.

The plaintiff initiated these proceedings seeking to have the arrearages in support money reduced to judgment. At the conclusion of the hearing the court awarded to the plaintiff judgment in the sum of $840. The court based its judgment upon the terms of the initial decree which awarded to the plaintiff the sum of $150 per month as support money. From this judgment defendant appeals.

It is the defendant's contention that the prior order of the court which reduced the support money payment for a temporary period had the effect of modifying the original decree. The order issued by the court after the contempt hearing did not by its terms modify the decree, but it appears that the court only intended that the defendant be permitted to escape punishment by making reduced payments for a temporary period. We see no reason to disturb the court's determination as to the amount presently due.

The decision of the court below is affirmed. No costs awarded.

HENRIOD, C. J., CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting).

I respectfully dissent for the reason that the original judgment was based upon service on defendant outside of Utah. The decree of divorce improperly charged the

Gordon F. Esplin, of Salt Lake County Bar Legal Services, Salt Lake City, for defendant-appellant.

John C. Green, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The plaintiff was awarded a decree of divorce on the 10th day of February, 1972. Under the terms of the decree the plaintiff was awarded the sum of $75 per month for

defendant with a requirement that he pay $75 per month as child support for each child and $100 per month as alimony. The defendant made no appearance in the case before judgment, and consequently was not bound by the provisions of the decree respecting payment of money.

An order to show cause was thereafter issued and was personally served upon the defendant in Utah. The court then had personal jurisdiction for the first time to make a binding order for the payment of support money. It had no authority to hold the defendant in comtempt of court for failing to pay pursuant to the original decree.

The order based upon the order to show cause apparently recognized the invalidity of the alimony award since it made no mention of it. The only order made relating to support payment reads: "Defendant is ordered to pay $60 on the 10th and $60 on the 25th of each month beginning with the 10th of June, 1972.

While ordinarily we do not consider matters not raised on appeal, we should do so where a glaring error or oversight has occurred. The holding of defendant to be in contempt is such an error as to cause me to think that we should look to see if the order upon which it was based was valid.

Of course the defendant, as father of the children, would be liable in a civil action to one who may have furnished the necessities of life to his children regardless of the lack of an order in the decree of divorce. In fact he might be criminally liable for failing to provide for his minor children if he was willful in that regard.

I would reverse the order as made and would remand the matter for such further proceedings as may be proper not inconsistent with the above opinion.

I would award no costs.