Beverly LARSEN (Higley) and the State of Utah, by and through Utah State Department of Social Services, Plaintiffs and Appellants,

v.

Earnest Alan LARSEN, Defendant and Respondent.

No. 14593.

Supreme Court of Utah.

March 18, 1977.

---

1. *Baker v. Baker*, Utah, 551 P.2d 1263 (1976).

Vernon B. Romney, Atty. Gen., Stephen G. Schwendiman, Asst. Atty. Gen., Salt Lake City, for plaintiffs and appellants.

Gordon Esplin, of Salt Lake County Bar Legal Services, Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

From an order dismissing a motion for retroactive child support, and denying prospective modification of a decree of divorce; the state appeals. We affirm.

Beverly Larsen and Earnest Larsen were divorced pursuant to a decree entered May 26, 1967. Defendant, Earnest Larsen, was ordered to pay $1.00 per year alimony, and $1.00 per year child support. This order was made subject to a reservation, viz., the right of the court to review and modify the order. Modification could be had at such time as the circumstances of defendant were such he should be required to pay additional amounts. At the time the decree was entered, the court found, by reason of the limited earning capacity of defendant (resulting from his illness and physical disabilities); it was just and proper the obligation of defendant to pay alimony and child support be limited to $1.00 per year.

The State Department of Social Services served an order to show cause, for modification of divorce decree, on defendant in April 1976. The department, in addition to seeking a modification of support from $1.00 per year to $75 per month per child, also sought a judgment for $6,717, for support furnished to the three children from April 1972 to February 1976. The arrearage was based on a rate of $50 per month per child.

The court dismissed the motion for retroactive support. This was done on the ground the prior order could not be modified to apply to periods of time in the past, no matter what the circumstances may have been, since the divorce decree. The request for prospective modification to increase child support was dismissed for failure to allege a change of circumstances with leave to refile in the proper form.

The state appeals from the dismissal. 78–45–9 provides the state may proceed in its own behalf, pursuant to chapter 45b of this title, to enforce the right of support against the obligor.[1]

78–45b–3(6) provides:

The department shall have the right to petition a court for modification of any court order on the *same basis as a party to that action would have been able to do so.* [Emphasis supplied.]

If the state is seeking a retroactive modification of support, according to 78–45b–3(6) it has the same standing as Mrs. Larsen. Here, the state appears to be so proceeding under its statutory right of subrogation to the mother.

---

1. 78–45b–3(5).

In this jurisdiction alimony and support payments become unalterable debts as they accrue; therefore, a periodic installment cannot be changed or modified after the installments have become due.[2]

The state further contends the support order in the decree constituted an abuse of discretion. It makes the strange claim the order should be declared void, from its inception. Mrs. Larsen did not appeal from the decree, and neither she nor the state have proceeded under Rule 60(b), U.R.C.P. to obtain relief from the decree. Furthermore, the trial court specifically found the support obligation was just and proper by reason of defendant's limited earning capacity resulting from illness and physical infirmities. The trial court specifically provided for review and modification of the decree as defendant's circumstances changed. Mrs. Larsen could have moved for a modification at any time, if there were a meritorious ground. The state cannot, under the guise of seeking a modification of a decree of divorce, have provisions of the decree declared void.

The state further suggests that there is some ground independent of the decree of divorce, whereby, the father can be deemed obligated to reimburse the state for past due payments. The state enigmatically contends an order pursuant to the duty set forth in 78–45–3, can be issued compelling payment. We suggest a clearer reading of the appropriate legislation.

78–45b–20 provides:

> If any order pursuant to this act, is or becomes, in conflict with any order of a court of competent jurisdiction, to the extent of such conflict the court order shall govern.

At the time of the decree of divorce, a court of competent jurisdiction determined defendant's obligation of support for his children, based on the circumstances. The provisions of Chapters 45 and 45b of Title 78 cannot be utilized for the purpose of nullifying or circumventing such an order.

ELLETT, C. J., and CROCKETT and HALL, JJ., concur.

WILKINS, J., does not participate herein.

2. *Whitaker v. Whitaker*, Utah, 551 P.2d 226 (1976); *Scott v. Scott*, 19 Utah 2d 267, 430 P.2d 580 (1967); *Westerfield v. Coop*, 6 Utah 2d 262, 311 P.2d 787 (1957); *Openshaw v. Openshaw*, 102 Utah 22, 126 P.2d 1068 (1942); *Myers v. Myers*, 62 Utah 90, 218 P. 123 (1923). This does not prevent arrearages from being dealt with as in *Harmon v. Harmon*, 26 Utah 2d 436, 491 P.2d 231 (1971).