Appeal from Third District.

## FARES v. URBAN.

No. 2718.    Decided    July    3,    1915.    On Application    for Rehearing
August 5, 1915 (151 Pac. 57).

1. APPEAL AND ERROR—QUESTION OF FACT—QUIETING TITLE. A suit
   under Comp. Laws 1907, Sec. 3511, to quiet title to land, tried as
   a suit in equity because of the failure of either party to demand
   a jury, must be considered as a suit in equity by the court on
   appeal, so far as consideration of the evidence is concerned.[1]
   (Page 611.)

2. ADVERSE POSSESSION—ACQUISITION OF TITLE—PAYMENT OF TAXES.
   Title by adverse possession cannot be established unless the ad-
   verse claim is supported by the payment of all taxes assessed
   against the property for the statutory period. (Page 612.)

3. ADVERSE POSSESSION—ACQUISITION OF TITLE—PAYMENT OF TAXES.
   A plaintiff suing to quiet title to a parcel fifty by seventy-five
   feet in a city, and relying on title by adverse possession, does
   not show payment of taxes by introducing tax receipts describ-
   ing a tract as "50x75 feet, Heber avenue," where either he or his
   wife claimed to own property adjoining the property in contro-
   versy. (Page 612.)

4. QUIETING TITLE—APPEAL—HARMLESS ERROR. Where plaintiff su-
   ing to quiet title did not prove any title either in law or in
   equity, error in finding for defendant on insufficient evidence of
   title, or in permitting defendant to set up an additional title
   in supplemental answer, is harmless. (Page 612.)

### On Application for Rehearing.

5. IMPROVEMENTS—COMPENSATION — SRARUTORY PROVISIONS. Under
   Comp. Laws 1907, Secs. 2021, 2022, providing that, where an oc-
   cupant of real estate has color of title thereto, and in good faith
   has made improvements thereon, and is afterwards, in a proper
   action, found not to be the owner, no execution shall issue to
   put plaintiff in possession until disposition of a petition for the
   ascertainment of the value of the real estate and of the improve-
   ments, an occupying claimant, finally adjudged not to be the
   owner, may, after disposition of his appeal adverse to him, file
   his petition in the trial court to ascertain the value of the im-
   provements made by him. (Page 613.)

Appeal from District Court, Third District; Hon. *F. C.*
*Loofbourow,* Judge.

[1] *Gibson* v. *McGurrin,* 37 Utah, 158, 106 Pac. 669.

Action by Joseph Fares against Rachel Urban.

Judgment for defendant. Plaintiff appeals.

MODIFIED AND AFFIRMED.

*Evans, Evans & Folland* for appellant.

*Snyder & Snyder* for respondent.

## RESPONDENT'S POINTS.

Until plaintiff, by some act, showed an intention to claim the land adversely by paying taxes on it, by a description that would apprize the owner of such intention, he is, under our statute, presumed to be in subordination to the legal title. (Comp. L. of Utah, 1907, Sec. 2861; *Sheppick* v. *Sheppick,* 44 Utah 131, 138 Pac. 1169.) "The law presumes that the owner of the legal title is in the constructive possession, and entitled to the actual possession." (*Gibson* v. *McGurrin,* 37 Utah 158; *Ives* v. *Grange,* 42 Utah 608, 134 Pac. 619.) The burden is upon the plaintiff to show an adverse possession of the precise land in controversy and all of it, for the statutory period of seven years. (*Needham* v. *Salt Lake City,* 7 U. 319; *Smith* v. *North Canyon Water Co.,* 16 U. 194; *Funk* v. *Anderson,* 22 U. 238; *Center Creek Irrigation Co.* v. *Lindsay,* 21 U. 192; *Dignan* v. *Nelson,* 26 U. 186; *English* v. *Openshaw,* 28 U. 241; *Ry. Co.* v. *Investment Co.,* 35 U. 528.) It seems settled by good authority under similar or identical statutes that when the owner of the record title pays the taxes, a payment by the adverse claimant is unavailing. (*N. P. Ry. Co.* v. *Littlejohn,* 198 Fed. 700; *Com. National Bank* v. *Schlitz* (Cal.), 91 Pac. 750; *Carpenter* v. *Lewis,* 119 Cal. 18, 50 Pac. 925.) It would seem to follow that if it is important who paid first, the burden is upon the adverse claimant to show that he paid first. All presumptions are in favor of the holder of the legal title. (*Evans* v. *Welch,* 29 Colo. 355, 64, 68 Pac. 776, 9; *Fleming* v. *Howell,* 125 Pac. 551.)

FRICK, J.

The plaintiff commenced this action against the defendant pursuant to Comp. Laws 1907 section 3511, to quiet the title to a parcel of land 50x75 feet in Park City, Summit County, Utah. The complaint is quite brief, and is in the usual form in such actions. The defendant answered the complaint, also claiming title to the westerly 25x75 feet of the property in question by adverse possession. She subsequently, over plaintiff's objection, was perimtted to file a supplemental answer in which she also claimed title by a deed of conveyance to the 25x75 feet, and at the trial produced said deed, and thereunder claimed title from the grantee of the original patentee. The plaintiff neither pleaded nor proved a record title, but relied upon his claim of adverse possession. The court to whom the case was submitted made findings of fact and conclusions of law in favor of the defendant. A judgment quieting the title to the 25x75 feet claimed by her was accordingly entered, and the plaintiff appeals.

Primarily, defendant's counsel contend that we cannot consider appellant's assignments relating to the sufficiency of the evidence, for the reason that the action, although denominated equitable, is nevertheless one at law, for the reason that it is, in legal effect, an action in ejectment. It is argued, therefore, that we are bound by the court's findings, unless there is an entire lack of evidence in support of any material      1 finding. The question respecting the right of a party to sue in ejectment or under section 3511, *supra*, was considered and decided contrary to counsel's contention in *Gibson* v. *McGurrin*, 37 Utah, 158, 106 Pac. 669. As is there intimated, if either party desires to exercise his right to a jury trial, he must demand a jury as required by our statute, and if he fail to do that at the proper time and in the proper manner, and if he try the case as an action in equity, the case must be considered as such by us.

Proceeding, therefore, to a consideration of appellant's assignments, we remark that they practically all relate to the findings of fact. It is insisted that the court erred in its findings of fact, for the reason that the evidence does not support

the findings. It is needless to set forth the evidence except to say that the appellant did not attempt to establish a record title to any part of the 50x75 feet claimed by him, but relied entirely upon his claim of adverse possession and the payment of taxes for the period required by our statute. Under our statute title by adverse possession cannot be established unless the adverse claim is supported by the payment of all taxes that are assessed against the particular property claimed for the period prescribed by the statute. Now, in this case appellant wholly failed to prove that he paid the taxes on the particular 50x75 feet claimed by him for the time required by the statute. In that regard the only description of the land now claimed by appellant as given in the tax receipts produced by him in evidence is as follows: "50x75 feet, Heber avenue." The evidence conclusively shows that either appellant or his wife claimed to own property adjoining the aforesaid 50x75 feet on the east, and hence the tax receipts introduced are of little, if any, significance. This is made more apparent still from the fact that it is made to appear from the evidence that respondent also had tax receipts which she claimed referred to the same property, that is, to the west half of said 50x75 feet, in which the description is just as vague and uncertain as it is in appellant's receipts.

Appellant thus failed to prove title by adverse possession, and, since he also failed to prove any other title, the court was clearly justified in finding against his claim of title. Then, again, appellant's right of possession as well as possession were disputed, and the evidence upon that phase of the case is not only sufficient to justify a finding against his claim of adverse possession, but we think the finding is in accordance with the weight of the evidence. If it were conceded, therefore, that respondent had failed to prove a good title, or that the court had erred, as claimed by appellant, in permitting her to set up an additional title in her supplemental answer, yet it must also be conceded that her title is certainly good as against appellant, since he established no valid claim or title, either in law or in equity, and for that reason also any error the court may have committed

in the particular just stated could not have affected, and did not affect any of his rights.

The judgment therefore should be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.

## ON APPLICATION FOR REHEARING.

FRICK, J.

Appellant has filed a petition for rehearing, but for the purpose only of obtaining a modification of the judgment which we have affirmed.

Appellant's counsel now contend that the judgment in favor of respondent is too broad, in that it does include the improvements placed on the premises in controversy the title to which has been quieted in the respondent. The judgment reads as follows:

"That the defendant is the owner, in the possession, and entitled to the possession of the lands described in her supplemental answer herein, and in the foregoing findings of fact, as herein set forth, and her title to said land is hereby quieted and confirmed against said plaintiff and all the world, and she is hereby decreed to be the owner thereof."

The court, however, also added:

"That said plaintiff and all persons claiming by, through, or under him are hereby debarred and foreclosed from any claim, right, or interest in said lands, or any part or portion thereof *or the improvements thereon.*"

As pointed out in the original opinion, the action was brought to quiet title in appellant. While the respondent denied appellant's title, she also counterclaimed and asked that the title be quieted in her. Appellant's counsel now contend that the judgment under the issues and under our statute should have been limited to the land itself, exclusive of the improvements thereon, and that therefore the judgment

should be modified by excluding therefrom the four italicized words, *"or the improvements thereon."* Respondent's counsel insist that appellant, having failed to make any claim for the improvements in the original action, is now estopped from doing so; in other words, it is contended that the matter of improvements is included in the former judgment, and is therefore *res adjudicata.* We cannot yield assent to that contention. We have an occupying claimant statute (Comp. Laws 1907, section 2021, 2022) which, so far as material here, provides:

"Sec. 2021. Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the plaintiff in possession of the same after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with.

"Sec. 2022. Such petition must set forth the grounds on which the defendant seeks relief, stating as accurately as practicable the value of the real estate, exclusive of the improvements thereon made by the claimant or his grantors, and the value of such improvements. The issues joined thereon must be tried as in ordinary actions, and the value of the real estate and of such improvements must be separately ascertained on the trial."

The Legislature, in giving relief to occupying claimants, could, as a matter of course, prescribe any reasonable procedure it saw fit. The intention of the statute is clear that the occupying claimant need not prefer his claim until he "is afterwards in a proper action found not to be the owner" of the land in controversy. In section 2022 it is also made clear that the party who is found to be the owner of the land need not present any defense with respect to improvements until the petition provided for by section 2021 has been filed. The owner may then join issue with the petitioner on the question of whether or not the latter is entitled to the improvements under the statute, and in case he is found to be the owner thereof the value is then determined. The question of the ownership of the improvements in question in the present ac-

tion was, therefore, not in issue under our statute, and hence the judgment in that regard is too sweeping. The appellant was not required to file the petition for improvements until it was finally determined whether he or the respondent was found to be the owner of the land in controversy. Upon that question he had the right to appeal to this court, and was entitled to our judgment upon the facts. He, under the statute, cannot be required to file a petition for improvements until the remittitur of this court affirming the judgment below is sent down to the trial court. Of course, if he had elected not to appeal, he would have been required to file his petition after the judgment was entered against him in that court. The duty to file a petition is, however, suspended until the appeal is finally determined and the remittitur has gone down. We think the judgment therefore should be modified as prayed for by appellant.

By anything we have said or omitted to say we do not wish to be understood as holding, or even intimating, that the appellant has a legal claim for improvements under our statute. That is the very question which must be determined when the petition required by the statute is filed. Before a petition is filed that question is not involved in the action. It is for that reason, and for the reason that the appellant may be given an opportunity to exercise his statutory right to have the question of improvements determined, that the judgment is modified. While in view of our statute the question of *res adjudicata* may not be involved, yet in order to avoid controversy we deem it best to modify the judgment. The judgment is therefore modified by eliminating therefrom the four words "or the improvements thereon," and in all other respects it stands affirmed.

Appellant also asks for a modification of the judgment for costs, but we can see no reason why that should be granted since the judgment below is affirmed.

That order therefore also stands affirmed.

STRAUP, C. J., and McCARTY, J., concur.