CLEGG v. SCHVANEVELDT.

No. 5040. Decided March 1, 1932. (8 P. [2d] 620.)

*H. S. Tanner,* of Salt Lake City, for appellant.

*Bagley, Judd & Ray,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

This appeal involves but one question, namely, Do the allegations of the complaint state a cause of action? The court below sustained a general demurrer to the complaint. Plaintiff refused to amend, and the action was dismissed. Plaintiff appeals from the order sustaining the demurrer and from the judgment of dismissal. It is, in substance,

alleged in the complaint: That defendant is, and at all times mentioned in the complaint was, the owner of 428 acres of land in township 12 north, range 1 west, of the Salt Lake Meridian, in Cache county, Utah, together with the water right used thereon; that on July 8, 1925, plaintiff and defendant entered into an oral agreement in pursuance of which plaintiff went into possession of defendant's land, and plowed, leveled, seeded, and cultivated the same; that on November 7, 1925, there was owing to the plaintiff by the defendant the sum of $2,100 upon the oral agreement theretofore entered into between them; that on that date defendant conveyed the 428 acres of land in Cache county to the plaintiff; that the $2,100 owing to the plaintiff by defendant was inserted in the deed as the consideration therefor; that plaintiff executed his promissory note in the sum of $55,400 and a mortgage for a like amount on the 428 acres of land as security for the payment of the note. On March 3, 1926, the oral agreement of July 8, 1925, was reduced to writing, and thereupon plaintiff and defendant executed the same. The written agreement is set out in *haec verba* in the complaint. The agreement recited that defendant has conveyed the 428 acres of land to the plaintiff and that plaintiff has executed and delivered his note and mortgage to the defendant. It is provided in the agreement that plaintiff shall industriously and faithfully care for the premises conveyed to him; that defendant shall furnish plaintiff with four head of horses and the necessary farm equipment and machinery to care for the premises; that defendant will use his credit for raising the funds necessary to carry on the farming operations for a period of two years, but that the plaintiff shall repay the money so advanced. The agreement then provides for a division of the proceeds that may be derived from the sale of the premises in case the same is sold. It is further alleged in the complaint that plaintiff has fully performed his part of the contract and in addition thereto has expended $2,100 of his own money upon the premises in controversy, but that defendant has failed to furnish the horses, machinery,

farm equipment, and the credit to obtain the necessary money to carry on the farming operations. It is then alleged:

"That the said defendant on or about June 22, 1927, in violation of his contract, and for the purpose of defeating the contracts entered into with plaintiff as aforesaid, and for the purpose of defrauding and cheating the plaintiff and obtaining advantage of the plaintiff's labor and money used in the improvement and development of said land, brought suit against plaintiff in the first judicial district court of the state of Utah, in and for Cache County, to oust plaintiff therefrom, to quiet title to said lands in the defendant and to enjoin and debar this plaintiff from any and every claim to said premises and in said action the defendant herein was successful and plaintiff was permanently defeated in his claims to said lands, his contracts were thereby canceled and plaintiff was ousted and ejected in his right, .title and possession of said premises to his great damage as hereinafter alleged."

It is also alleged in the complaint that, if defendant had not breached the contract, plaintiff would have been able to sell the premises at a profit of $20,000; that because of defendant's wrongful acts in the premises plaintiff has been damaged $2,100 for labor and service performed upon and about said premises between July 8, 1925, and November 17, 1925, $2,000 for money advanced and used by plaintiff upon and about said premises between November 17, 1925, and June 22, 1927, $2,500 for labor and services performed upon and about said premises from November 17, 1925, to June 22, 1927, $1,500 for costs and attorney's fees in defending the action brought by the defendant to oust plaintiff, and $20,000 for general damages. Plaintiff prays judgment for $28,100.

It will be noted that the various breaches of the contract complained of occurred before the proceedings complained of were had in the district court of Cache county, Utah. It will also be noted that plaintiff alleges that in the action in the district court of Cache county, "the defendant herein was successful and plaintiff was permanently defeated in his claims of said land. His contracts were thereby canceled and plaintiff was ousted and

ejected in his right, title and possession of said premises to his great damage," etc. It is apparent from a reading of the complaint that the plaintiff in this action is attempting to relitigate the same rights between the same parties as were litigated and decided in the action in the district court of Cache county concerning which he complains. It is elementary that defenses and causes of action once presented, considered, and determined by a court having jurisdiction of the parties and of the subject-matter cannot be again asserted in another action without a violation of the principles of res adjudicata. The complaint in the instant case alleges that the contracts upon which this action is founded were canceled in the former action. There is no allegation in the complaint and no claim is made that the district court of Cache county was without jurisdiction of the parties or the subject-matter in the former action. The word "canceled" means to make void or invalid. It is synonymous with annul, abolish, revoke, abrogate, repeal, make void, do away with, set aside, etc. Webster's New International Dictionary. Cases where courts of last resort have defined the meaning of the word "canceled" will be found in 1 Words and Phrases Judicially Defined, First Series, 949. The allegation in the complaint that the contract upon which this action is founded was canceled by the judgment of the district court of Cache county is in legal effect an allegation that plaintiff has no contract upon which to base this action. When the contract relied upon by the plaintiff in the instant case was canceled by the judgment in the former action, plaintiff's claimed cause of action was likewise canceled. A complaint which shows on its face that it is bottomed on a contract which has been ordered canceled by a court of competent jurisdiction is vulnerable to attack by a general demurrer. The demurrer to the complaint was properly sustained.

The judgment is affirmed. Respondent is awarded costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.