## BOLAND v. NIHLROS, et ux.

No. 5262. Decided May 6, 1932. (10 P [2d] 930.)

*Adam A. Duncan,* of Salt Lake City, for appellants.

*Dey, Hoppaugh, Mark & Johnson,* of Salt Lake City, for respondent.

HARRIS, District Judge.

In August, 1926, plaintiff brought this action in the district court of Salt Lake county to recover possession of a certain parcel of real property described in the complaint. The defendants answered admitting the plaintiff's ownership of the title to the property but setting up a life estate in A. B. Nihlros by virtue of a verbal gift, possession taken pursuant thereto and making improvements of the value, in excess of $4,000 in reliance upon the verbal gift. The plaintiff replied denying the gift and denying the valuable improvements.

The case was tried before the district judge who made findings of fact and judgment in favor of the plaintiff. Among the findings were:

"9. The court does not find that A. B. Nihlros did at any time or at all make any valuable improvements or repairs on or to the said premises, or to the buildings or improvements thereon situate, at his

own expense or in reliance upon any verbal gift of the said premises, or otherwise, or at all.

"10. That the valuable improvements placed upon the said premises during the period A. B. Nihlros and/or Laura Nihlros occupied the same were placed thereon at the sole cost and expense of Josephine A. Park, the owner of the said premises."

The defendants appealed from that judgment to this court, and assigned as error the making of the foregoing findings as contrary to the evidence. This court approved those findings and affirmed the judgment. *Boland* v. *Nihlros*, 293 P. 7, 10.

After the remittitur from this court was filed in the district court, the defendant filed a verified petition alleging in substance the adjudication of ownership and right to possession against him, and that he had placed in good faith improvements on the premises of the value of not less than $5,000 and asked for proceedings pursuant to sections 5031 to 5038, Comp. Laws Utah 1917, inclusive, be had to determine and adjudicate the value of such improvements, and that proceeding in the original action be stayed as provided by the statute pending such determination.

Section 5031, Comp. Laws Utah 1917, reads as follows:

"Where an occupant of real estate has color of title thereto, and in good faith has made valuable improvements thereon, and is afterwards in a proper action found not to be the owner, no execution shall issue to put the plaintiff in possession of the same after the filing of a petition as hereinafter provided, until the provisions of this chapter have been complied with."

Plaintiff demurred to the petition and also answered that all the matters and things set forth and alleged in the petition were in issue in the original pleadings in the case, were fully litigated at the trial, and settled in the findings and judgment in the case, and affirmed by this court, and alleged that the decision herein is res adjudicata of the issues attempted to be raised in the petition. The trial court determined these issues in favor of the plaintiff, and found that

the issue of improvements placed upon the premises by the petitioner was involved as a necessary issue in the main action herein, and was there tried and determined adversely to A. B. Nihlros, and that such determination is res adjudicata and final, and operates as a complete bar to the relief sought in these proceedings, and entered a judgment dismissing the same and awarding the plaintiff his costs. From this judgment this appeal is prosecuted.

The respondent contends that, the parties being the same, the improvements the same, and the question as to whether Nihlros or Mrs. Park made the improvements the same, and having been litigated and decided in the former trial, those issues are settled once and for all.

From the opinion in this case, as before determined, we quote the following:

"The principal argument presented by appellant is directed to the proposition that the evidence shows an oral gift or grant, possession taken, and improvements made sufficient in value to entitle him to specific performance in equity of the alleged oral gift of a life estate in the property. The trial court found against appellant on these propositions. The law is well settled in this state that, before a court can decree specific performance of an oral gift of land, it must appear by evidence that is clear, convincing, and unequivocal: (1) That there was a parol grant or gift by a contract or agreement which must be complete and certain in its terms; (2) possession taken and improvements made by the donee pursuant to and in reliance upon such oral gift; (3) that the improvements so made are substantial, and, not as an absolute rule but as a guiding principle, that the value thereof be in excess of the rental value during the time of occupancy; and (4) strong equities.   *   *   *"

This court then, after reviewing the evidence with reference to who made the improvements thereon and the value thereof, determined that the findings of the trial court to the effect that the improvements were made wholly by Mrs. Park were in accordance with the weight of the evidence. It will thus be seen that we have in the prior opinion in this case determined that this was a proper case for defendant to plead and prove ownership of valuable improve-

ments on the property, and that such was a necessary part of his defense of parol gift of a life estate in the property. Appellant's new petition added no new allegation except, perhaps, to allege that the value of the improvements was not less than $5,000 in place of in excess of $4,000 alleged in his answer. But the findings were that he made no improvements, and the same were made by Mrs. Park.

This court recently in the case of *Clegg* v. *Schvaneveldt,* 8 P. (2d) 620, 621, said:

"It is elementary that defenses and causes of action once presented, considered, and determined by a court having jurisdiction of the parties and of the subject-matter cannot be again asserted in another action without a violation of the principles of res adjudicata."

Likewise in the case of *Jeremy Fuel & Grain Co.* v. *Mellen,* 50 Utah 49, 165 P. 791, 793, the following from 2 Black on Judgments, 609, is quoted with approval:

"It is a fundamental and unquestioned rule that a former judgment, when used as evidence in a second action between the same parties, or their privies, is conclusive upon every question of fact which was directly involved within the issues made in such former action, and which is shown to have been actually litigated and determined therein."

The rule is stated in 34 C. J. 902, as follows:

"A judgment rendered by a court having jurisdiction of the parties and subject-matter, whether correct or not, is conclusive and indisputable evidence as to all rights, questions, or facts put in issue in the suit and actually adjudicated therein, when the same come again into controversy between the same parties or their privies in proceedings in the same or a different cause of action."

This rule appears to be conclusive in this case, and we see nothing in the rule that in any way offends either the spirit or the purpose of section 5031 above. If it be conceded that the purpose of the above section, in the interest of justice, is to guarantee to every possessor of property, with color of title, a day in court on the question of the ownership of improvements added by him to the property in good faith, it does not go so far as to guarantee him two

such opportunities or to prevent a plea of res adjudicata to the statutory proceeding.

Appellant cites *Scott* v. *Potts,* 60 Okl. 228, 159 P. 932, 933; *Wolcott* v. *Smith,* 33 Okl. 249, 124 P. 970.

These cases appear to be determined on the ground stated as follows: "Under our practice the question of the rights of an occupying claimant has no place in the trial of an action in the nature of ejectment." The cases have no controlling importance here because the question of ownership and value of improvements was tendered as a necessary element of the defense of parol gift and, without objection, was litigated and determined herein. Appellant refers us to *Fares* v. *Urban,* 46 Utah 609, 151 P. 57.

That case simply held that the appellant was not required to file his petition for improvements until it was finally determined whether he or the respondent was found to be the owner of the land in controversy. In that case the defense was adverse possession, and improvements were not mentioned in the pleadings. There is nothing in the case that holds that the defendant could not set up making of improvements in the main action; it merely held that he was not required to do so.

Appellant also calls to our attention a statement by this court in the case of *Utah Copper Co.* v. *Eckman,* 47 Utah 165, 152 P. 178, 180, wherein the court, in referring to the occupying claimant statute, says:

"As it is made to appear, however, from the recent case of *Fares* v. *Urban* [46 Utah 609], 151 P. 57, that claim can only be made after the title is adjudicated to be in a person other than the claimant of the improvements." ✦

In the Utah Copper Case the claimant to the improvements was successful as to his claim of title to the property so that he did not need to use his claim under the occupying claimants statute, and the above statement was not a necessary part of the decision, and apparently was inaccurate, because, as we have seen, the case of Fares v. Urban only

determined, under the facts and issues of that case, that it was proper to wait until the final determination of the title before making the statutory claim to the improvements.

We also call attention to our statute, section 7250, Comp. Laws of Utah 1917, under the chapter on actions to quiet title, which reads as follows:

"When damages are claimed for withholding the property recovered, upon which permanent improvements have been made by a defendant, or those under whom he claims, holding under color of titled adversely to the claims of the plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim against such damages, except improvements made upon mining property."

In this case no question was raised about the propriety of setting up the making of improvements and their value as a defense in the main case. The issues were made and tried out and determined against appellant. He appealed, and this court carefully reviewed the evidence and approved the findings and judgment. The trial court was right in refusing to permit him to try these same issues again. Judgment is affirmed. Respondent to recover costs on appeal.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J., did not participate herein.