## CURLEY et al. v. MILLS et ux.

No. 6490.   Decided July 15, 1943.   (139 P. 2d 882.)

See 61 C. J. Taxation, sec. 1677; 26 R. C. L. 411.

*Cyrus G. Gatrell,* of Salt Lake City, for appellants.

*E. LeRoy Shields,* of Salt Lake City, for respondents.

WADE, Justice.

The plaintiffs brought this action to quiet their title to certain mining claims in Tooele County. The defendants answered claiming title to these mining claims by virtue of a quit claim deed from Tooele County under a tax title. The trial court found in favor of the defendants quieting title in them, and plaintiffs appealed.

Many questions are argued but it is only necessary for us to consider one. Section 80-10-68, R. S. U. 1933, as amended by Chapter 62, Laws of Utah 1933, provides that:

"The board of county commissioners shall, during the month of May in each year, after publication, once a week for four consecutive weeks,"

offer for sale and sell to the highest bidder each parcel of real estate which has been conveyed to the county.

The defendants by their answer alleged and the trial court found that they derived their title from a May sale the notice of which was published in a newspaper under Section 80-10-68, supra, wherein notice was given that the sale would be held on May 27, 1936, such notice being published four times, the first time being on the last day of April, 1936, and the last time being on May 22, 1936.

This court has twice held that Section 80-10-68, supra, prescribes that notice of the May sale shall be given once a week for four consecutive weeks, and that a period of twenty-eight (28) days must pass between the date of the first publication and the date of the sale, and that the failure of the county to publish the notice of such sale as prescribed renders the sale void. See *Home Owners' Loan Corporation* v. *Stevens*, 98 Utah 126, 97 P. 2d 744; *Peterson* v. *Weber County*, 99 Utah 281, 103 P. 2d 652.

The first notice being published the last day of April, 1936, and the sale having taken place on May 27, 1936, there was only 26 days between the day of the first publication and the day on which the sale was

made, therefore this sale was void and the defendants did not get title to the property. The judgment of the court was not supported by the facts found by it but was contrary thereto.

This sale was made under the statute, Section 80-10-68, as it existed prior to the amendment of 1939, as were the cases herein cited, and nothing said in this opinion has any application to the statute as it is since the amendment.

This case is remanded to the district court for further proceedings to enable the defendants to have adjudicated in this action their rights, if any, as occupying claimants in accordance with the rules laid down in *Peterson* v. *Weber County,* supra. Appellants shall recover their costs.

LARSON and MOFFAT, JJ., concur.

McDONOUGH, Justice (concurring).

I concur, except that I am of the opinion that the cause should be remanded to the district court with directions to enter judgment and decree quieting title in plaintiffs, subject to the condition that execution shall not issue if defendants shall forthwith institute proceedings under the provisions of sections 78-6-1 to 6, U. C. A. 1943; or, if the parties so stipulate the defendants may have their rights, if any, as occupying claimants determined in this action. See *Fares* v. *Urban,* 46 Utah 609, 151 P. 57.

WOLFE, Chief Justice (concurring).

I concur with the modification as stated by Mr. Justice McDONOUGH.