The facts in this case are based on a stipulation. On or about August 27, 1973, the plaintiff and the defendant signed an exclusive sale real estate listing contract for the premises known as 53 Windham Road, Bristol, Connecticut. The listing was for a period of six months from the date of execution. The defendant agreed to pay a commission of 5 percent of the sales price, which was initially listed at $38,900. The contract further provided that "[t]his contract shall continue in force for a period of 6 months from date but may be cancelled at any time on 30 days notice; however, if a sale is made within 6 months of termination to any person or persons to whom the agent has presented the property, then the agent shall be entitled to his commission." *Page 671 
On October 9, 1973, an agent of the plaintiff brought the property to the attention of Ronald D. and Eva G. Drost. On October 10, 1973, the contract was terminated by the defendant and cancelled by the plaintiff who wrote on the contract: "This agreement has been cancelled as of October 10, 1973, Gean Jazlowiecki." The reason given for the termination and cancellation was that the plaintiff was to receive one-half of the real estate commission on the sale of another piece of property to the defendant. On October 11, 1973, the Drosts placed a deposit on the property at 53 Windham Road, and they consummated the transaction on October 24, 1973.
The plaintiff has made assignments of error. Because some of her claims have not been briefed, they are considered abandoned. Gebrian v. Bristol Redevelopment Agency, 171 Conn. 565, 570.
In her brief, the plaintiff claims that the trial court erred in refusing to allow the plaintiff's motion to open the judgment and to amend the stipulation of facts. The action of the trial court will not be reversed unless the broad legal discretion vested in the trial court was abused. Brooks v. Singer, 147 Conn. 719. In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its actions. E. M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 612. The court has examined the record and finds that there was no abuse of legal discretion by the trial court. The court's conclusion cannot be disturbed.
The plaintiff claims that the trial court erred in finding that the cancellation of the contract granting the plaintiff the exclusive right to sell the property of the defendant had retroactive effect. The parties stipulated that "the [d]efendant expressed his desire to terminate the original sales contract to the [p]laintiff" and the "agreement was *Page 672 
cancelled by the [p]laintiff." "[L]anguage must be given its ordinary meaning unless a technical or special meaning is clearly intended." Perruccio v. Allen,156 Conn. 282, 285. The stipulation of facts did not indicate that any such technical or special meaning was intended. To "terminate" means to put an end to. Commonwealth Trust Co. of Pittsburgh v. United States, 96 F. Sup. 712, 717 (W.D. Pa.); Merchants Bank Trust Co. v. New Canaan Historical Society, 133 Conn. 706, 714. The word "cancelled" means to void or invalidate. Clegg v. Schvaneveldt,79 Utah 195, 199. To cancel means to annul or terminate. To "cancel" an instrument means to blot it out, to set at naught the provision of the instrument cancelled, to declare it void and to do away with an existing agreement. Cassedy v. Connecticut General Life Ins. Co., 56 Misc.2d 970, 973.
The facts set forth in the stipulation support the conclusion that the parties intended to terminate and abandon the exclusive sales contract. The plaintiff expressly assented to it by stating that the agreement was cancelled. If the plaintiff considered the defendant's statement to be a unilateral termination of the exclusive sales contract, there was no need for her assent. In reliance upon the plaintiff's assent, the defendant sold the property at a price less than the listed one. The trial court found that the parties had cancelled the contract. It concluded that the parties had mutually agreed to rescind and to abandon the contract. Mutual assent to abandon a contract may be inferred from the attendant circumstances and conduct of the parties. Battistelli v. Corso, 30 Conn. Sup. 135, 143.
When a contract is rescinded by mutual consent, no action can be maintained thereon. Ralya v. Atkins Co., 157 Ind. 331, 338. If the parties to a contract mutually agree to its rescission, they have *Page 673 
agreed to annul or to blot out the contract, and, consequently, they can claim no right under it and no damages for any breach. Stern Co. v. International Harvester Co., 148 Conn. 527, 532.
In Irwin v. State Brokerage Co., 82 Ind. App. 687, the court held that the real estate broker was not entitled to a commission where the contract with the broker was marked "cancelled" by the broker and thereafter a sale was made to a customer with whom the broker had been negotiating. The contract there had provided for a commission on any sale made within six months after expiration of the contract to any party with whom the broker had had negotiations.
In her brief, the plaintiff claims that the court erred in finding that the cancellation of the contract granting the plaintiff an exclusive right to sell the defendant's property was agreed to for valuable consideration. The parties released each other from their respective obligations and rights under the contract when they terminated, cancelled and rescinded the contract. A promise by one is sufficient consideration to support a promise by another. "The mutual release of obligation under a contract affords sufficient consideration for a rescission." Yale Cooperative Corporation v. Rogin, 133 Conn. 563,568; Battistelli v. Corso, supra.
 There is no error.
In this opinion PARSKEY and D. SHEA, Js., concurred.