[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#105)
The plaintiff, Northwest Bank for Savings (Northwest) instituted this action against the defendants RJM Corporation of America (RJM), Philip Youmatz and Judith Youmatz (Youmatzes) by complaint filed March 12, 1991, seeking to modify and reform documents reflecting a financial transaction between the parties, and to foreclose mortgages granted by the Youmatzes to Northwest, including a $750,000.00 construction mortgage deed.
On March 27, 1991, the Youmatzes filed an answer and a counterclaim for cancellation of the mortgages. The Youmatzes counterclaim alleges the following facts. On January 30, 1990, at the request of Northwest, the Youmatzes entered into a written commitment agreement with Northwest and RJM, pursuant to which Northwest and RJM were to provide financing for the Youmatzes in excess of one million dollars ($1,000,000.00) for the purpose of constructing a banquet hall and catering facility. This agreement provided that time was of the essence and that construction should be completed by September 1, 1990. Subsequently, on February 21, 1990, the Youmatzes executed to Northwest and RJM, a mortgage note and deed which is the subject of this foreclosure action. Thereafter, the Youmatzes began construction of the facility, pursuant to the written agreed upon schedule of advances by Northwest. As of August 1, 1990, the construction activities were on schedule in conformity with plans and specifications, and were such that the facility would be completed and ready for business on or about November 1, 1990. In reliance upon the agreement that construction would be completed and the facility ready for business on or about November 1, 1990, Judith Youmatz began scheduling bookings for banquets and weddings.
In the beginning of August 1990, Northwest informed the Youmatzes that it had failed to require its participant RJM to deposit amounts to cover expenses in excess of $500,000.00, the amount advanced by Northwest up to that time. As a result, the Youmatzes, who were in the middle of constructing the facility were left with no funds to complete construction.
On or about November 21, 1990, the Youmatzes instituted an action against Northwest alleging breach of contract, negligence and a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
On April 12, 1991, Northwest moved to strike the counterclaim for CT Page 4388 cancellation. Memoranda of law in support and in opposition to the motion to strike were timely filed by the respective parties in accordance with Conn. Practice Bk. 155.
A motion to strike may be used to challenge the legal sufficiency of a counterclaim. Conn. Practice Bk. 152. The motion to strike, "[l]ike the demurrer, . . . admits all facts well-pleaded; it does not admit legal conclusion or the truth or accuracy of opinion stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "The sole inquiry at this stage is whether the . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (1983). "To `cancel' an instrument means to blot it out, to set at naught the provisions of the agreement cancelled, to declare it void and to do away with an existing agreement." Jazlowiecki v. Nicoletti, 34 Conn. Sup. 670, 672, (App. Sess. 1977). Cancellation of an instrument is an available remedy when a party seeking foreclosure does not live up to its end of the bargain. Hartford National Bank Trust Co. v. Bowers, 3 Conn. App. 656, 660, cert. denied, 196 Conn. 810 (1985). A prerequisite to the court's exercise of its power to grant the equitable relief of cancellation of a written instrument is that the relief otherwise available be wholly inadequate to do justice." Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122, 132 (1975).
The plaintiff, Northwest argues in support of the motion to strike that the Youmatzes' counterclaim for cancellation of the mortgages fails to allege sufficient facts to support a cause of action. The plaintiff cites Benassi v. Harris, 147 Conn. 451 (1960) for the proposition that Connecticut recognizes a right to cancel an instrument in certain limited circumstances: lack of consideration; mutual or unilateral mistake of fact; fraud; unequal bargaining power, breach of the agreement; one party has unjustifiably defaulted in the performance of terms of the contract; and performance is impossible.
The Youmatzes, in opposition to the motion to strike, argue that they have alleged facts sufficient to support a cause of action for cancellation of the mortgages based on the plaintiffs' lack of consideration.
The Youmatzes have alleged facts sufficient to support a claim for cancellation of the mortgages. The alleged failure of Northwest and RJM to provide financing for the completion of the banquet facility may be considered a lack of consideration whether the Youmatzes may be entitled to the equitable relief of cancellation is a factual question, improper to decide on a motion to strike. The motion to strike is denied.
SUSCO, J.