**MELVIN v. MELVIN.**

No. 8574.

United States Court of Appeals
District of Columbia.

Argued Dec. 14, 1943.

Decided Jan. 17, 1944.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellant.

Mr. Arthur J. Hilland, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

In January, 1941, judgment was entered against the appellant in the sum of $100 per month for separate maintenance and support of his wife, the appellee in this case. In June, 1942, on appeal, this court reversed that judgment on the sole ground that certain evidence was excluded by the trial court which might have affected his determination of how much the wife should in fairness receive. 76 U.S. App.D.C. 56, 129 F.2d 39.

During the pendency of the appeal, which was unduly prolonged through no fault of our own, the appellant paid out $1,680 in accordance with the judgment of the court below. This is an appeal from the denial of a motion for restitution of that sum on the ground that the judgment under which it was paid has been reversed.

Where a judgment is reversed it is within the inherent power of an appellate court at the time of reversal to direct restitution of property or rights lost by reason of the judgment of the court below. The power to order restitution, however, is equitable in its nature.[1] Since our decision reversing the judgment contemplated a further hearing to determine the amount which appellant should pay, an order for restitution prior to that hearing would have been premature and might have been inequitable to appellee. The present motion for restitution originally made in the trial court, is subject to the same objections. The amount actually due from appellant has not as yet been determined after a hearing in conformity with our former opinion. Until that determination is made there is no way that the trial court can know whether or not any money has been paid by appellant which he is entitled in equity and good conscience to have returned.

The judgment of the court below will, therefore, be affirmed.

---

[1] "Decisions of this court have given recognition to the rule as one of general application that what has been lost to a litigant under the compulsion of a judgment shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error. * * * But the rule, even though general in its application, is not without exceptions. A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. * * * The claimant, to prevail, must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it." Atlantic Coast Line R. Co. v. Florida, 1935, 295 U.S. 301, 309, 55 S.Ct. 713, 716, 79 L.Ed. 1451.