### SWANSON et al. v. UNITED STATES.
#### No. 13732.

United. States Court of Appeals Eighth Circuit.

Jan. 10, 1949.

Rehearing Denied Feb. 19, 1949.

H. Halderson, of Newman Grove, Neb., for appellants.

Joseph T. Votava, U. S. Atty., of Omaha, Neb., for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This is an appeal from a judgment of the District Court of Nebraska in favor of the United States against the estate of John Edvick Swanson for money loaned by the Government to Mr. Swanson during his lifetime and which remained unpaid at the date of his death. The facts relative to the issues presented to the trial court were stipulated. The appellant, Clarence Swanson, is the son of John Edvick Swanson and administrator of the estate of the latter who, during his lifetime, was a farmer residing in Boone County, Nebraska. Over a period of years beginning in 1932, the decedent borrowed funds from the United States Government through the Secretary of Agriculture and the Farm Credit Administration to be used in his farming operations. Several payments on the indebtedness were made. He died on or about September 6, 1945, at Boone County, Nebraska.

In December, 1945, Clarence Swanson was duly appointed and qualified as administrator of his father's estate by the County Court (Probate Court) of Boone County, Nebraska. The County Court thereafter gave the usual notice for the filing of claims and pursuant to the Nebraska statute fixed April 13, 1946, as the last date when claims against the estate could be filed. The claim of the Government was not filed within that time, allegedly because of lack of knowledge on the part of the Government representatives of the death of John Edvick Swanson.

On or about May 27, 1947, the United States Attorney for Nebraska, acting on behalf of the Government, upon learning of the death of Mr. Swanson and the administration of his estate, notified the appellant herein, as administrator of that estate, and his attorney of the claim of the Government and demanded payment thereof. On the same date the United States Attorney forwarded to the County Court a notice of the indebtedness and a demand for the payment thereof.

No application was made by the Government to the County Court for an extension of time within which to file the Government's claim in that court or for permission to file the claim out of date. The appellant, as administrator, and the County Court took no formal cognizance of the claim and, on the petition of the appellant administrator for approval of his final report and settlement, the County Court entered a decree on or about June 28, 1947, approving appellant's settlement and directing that the cash balance of $1570.35 in the hands of the administrator be distributed to the heirs of John Edvick Swanson named in the decree.

On July 11, 1947, the United States, through its United States Attorney for the District of Nebraska, filed the present action against Clarence Swanson individually and as administrator of the estate of John Edvick Swanson and against the Western Surety Company, the surety on Clarence Swanson's administrator's bond.

The complaint alleged the making of the various notes, the amount due, the payments made thereon, and asked for judgment for the amount due and unpaid. The complaint further prayed for an injunction against the defendant Clarence Swanson from disbursing any of the funds in his hands as administrator before the payment of the Government's indebtedness.

Judgment was entered in favor of the United States on the 23d day of December, 1947, for the amount of $1125.72. That

judgment provided for recovery by the United States against Clarence Swanson, as administrator, and further provided that if the judgment was not paid out of the estate within thirty days the United States should have judgment against Clarence Swanson individually and against Western Surety Company, as the surety on his bond, for the amount of the judgment, interests and costs.

A notice of appeal was filed in due time. No supersedeas was then requested. No appeal bond was then filed. The cause was thereafter formally lodged in this court. Upon application of the United States, this court on July 27, 1948, made an order granting leave for the filing of a supplemental record and granted appellant leave to file an appeal bond. That bond was thereafter filed.

The supplemental record shows that on January 2, 1948, Clarence Swanson's attorney of record paid all of the costs in the District Court. The record further shows that on March 25, 1948, the appellant, by a representative of the surety company, requested the trial court to fix the amount of the supersedeas bond. Pursuant to that request the court on the same day fixed the amount of the supersedeas bond at $1500.00, to be filed within ten days from that date. No such bond was ever filed. On April 19, 1948, the judgment not having been paid and no supersedeas bond having been made, on the request of the United States an execution was issued against Clarence Swanson individually and delivered to the United States Marshal. May 1, 1948, counsel for appellant paid to the Clerk of the District Court the total amount of the judgment, interest, and all of the costs which had accrued in this court and the District Court subsequent to the previous payment of costs on January 2, 1948. On May 10, 1948, at the request of the United States Attorney, the Marshal returned the writ of execution "unexecuted."

The record further shows that on June 4, 1948, the Clerk of the District Court paid into the Treasury of the United States the amount of the judgment and interest, and on June 30, 1948, paid into the Treasury the amount of the costs incurred and paid by the United States and as heretofore stated paid into the District Court by appellant.

Several contentions are made relative to the propriety of the judgment in the District Court. Before those contentions are. considered the point made by the United States that those contentions are moot and that the appeal should therefore be dismissed should be determined.

It is conceded by the appellant that the amount of the debt owed by John Edvick Swanson to the United States as found by the trial court and as fixed in the judgment is proper. In opposition to the argument made by the United States that the case is moot, appellant contends that he had the right to litigate the merits of the judgment below on this appeal without making a supersedeas bond, and in the event of reversal that he has the right to compel restitution by the United States of the amount appellant had theretofore paid on the judgment to prevent the actual levying of the execution.

■ The cases of Hier **v.** Anheuser-Busch Brewing Association, 60 Neb. 320, 83 N.W. 77; Deputron v. Young, 134 U.S. 241, 10 S.Ct. 539, 33 L.Ed. 923; and Section 25-1541, R.S. of Nebraska, 1943, are cited by appellant in support of his contention that the general rule requires that restitution be made. But as will be noted from an examination of Atlantic Coast Line R. Co. v. Florida et al., 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451; Goltra v. Weeks, Secretary of War, et al., 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Melvin v. Melvin, 75 U.S.App.D.C. 285, 140 F.2d 17, that general rule is qualified by the exception that restitution will not be ordered " 'where the justice of the case does not call for it, nor where the process is set aside for a mere slip.' * * * 'In such cases the simple but comprehensive question is whether the circumstances are such that equitably the defendant should restore to the plaintiff what he has received.' " Atlantic Coast Line R. Co. v. Florida et al., supra, 295 U.S. loc. cit. 310, 55 S.Ct. loc. cit. 717, 79 L.Ed. 1451.

■■ It is clear from the record in this case that the appellant was not ordered to

distribute the balance on hand in the estate by the County Court in its order of June 28, 1947, until that court made a further order. The stipulation of the parties recites the fact that " * * * said Administrator does not intend to pay out said money before he has an order of distribution from a Court of competent jurisdiction. * * * " The inference may be clearly drawn that the appellant and his attorney (who actually paid the judgment and costs for him) are fully protected from personal loss by the present existence of the balance of $1570.35 in the County Court. There being no dispute concerning the obligation of the estate to pay the debt owed to the United States, as reflected by the judgment and it being conceded that the statute of limitations, laches or estoppel do not constitute proper defenses against the United States[1], restitution would be highly improper in this case. The result must follow that contentions raised by the appellant concerning the procedure followed in obtaining the judgment became moot with the payment of the judgment. Chicago Great Western Ry. Co. v. Beecher, 8 Cir., 150 F.2d 394. The appeal must be and is therefore dismissed.

---

[1] See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.