[Civ. No. 41394. Second Dist., Div. One. Dec. 27, 1973.]

INSURANCE COMPANY OF NORTH AMERICA,
Plaintiff, Cross-defendant and Appellant, v.
PARALEE A. BECHTEL, Individually and as Executrix, etc., et al.,
Defendants, Cross-complainants and Respondents;
RICHARD DE LA SOTA, JR., et al.,
Cross-defendants and Appellants.

### COUNSEL

Brill, Hunt, DeBuys & Burby, Edward A. DeBuys, Ellis J. Horvitz and Arthur E. Schwimmer for Plaintiff, Cross-defendant and Appellant and for Cross-defendants and Appellants.

Green, Seuthe, Royce & Seaman, Carol E. Freis, Lemaire & Faunce and Cy H. Lemaire for Defendants, Cross-complainants and Respondents.

### OPINION

**THOMPSON, J.**—This action involves a group disability insurance policy issued by appellant Insurance Company of North America at the request of respondent California Time Petroleum, Inc., insuring certain of its key employees. Appellants seek review of a judgment of the trial court which: (1) upholds portions of the policy which provide on their face that the entire death benefit is payable to the estate of a deceased insured employee against appellants' claim that such portions should be reformed for mutual mistake to provide that one-half the death benefit is payable to the employer policyholder; and (2) holds in addition that appellants are liable to California Time Petroleum, Inc., for negligence in not issuing the policy so as to designate it as beneficiary of one-half of the policy proceeds. We conclude that: substantial evidence supports a finding of the trial court that the insured employee did not share in the mistake and that therefore the mistake is not a mutual one supporting rescission in the context of employee group disability insurance; appellants concede their liability in negligence to the employer; and the trial court improperly determined the manner of computing interest on the judgment, thus requiring that the case at bench be remanded to it for a proper computation.

### Facts

As required by law, we recite the record in the light most favorable to findings of fact made by the trial court in a nonjury trial, resolving all matters of credibility and conflicts of evidence in the manner determined by the superior court and drawing all permissible inferences in support of its findings.

Respondent California Time Petroleum, Inc. (Cal Time) is a corporation engaged in oil exploration and development. For a period of time prior to

1968, Cal Time permitted its key employees to charge premiums on air travel insurance purchased at the airport to Cal Time as part of their expenses of travel for the company. Late in the year 1968 or early in 1969, executives of Cal Time initiated discussion with the company's insurance broker, Richard de la Sota, concerning the purchase by Cal Time of a policy to provide accident protection for its key employees who were engaged in hazardous or semi-hazardous activities on its behalf. Mr. de la Sota, who later did business as Western Bonding, Inc., a corporation, was a licensed agent for appellant Insurance Company of North America (INA) and also for Safeco Life Insurance Company (Safeco). Executives of Cal Time instructed de la Sota that they wished the policy in the form of "key man travel type" insurance which would provide benefits in the event of accidental death of an insured in the amount of $200,000, one-half payable to the beneficiary designated by the employee and the other one-half to. Cal Time. Mr. de la Sota quoted a premium of $1,800 per annum for such a policy and delivered Safeco application forms to Cal Time early in 1969. Leroy E. Bechtel (Bechtel), a vice president of Cal Time in charge of its geological department, was included in the group of employees to be insured. He executed an application for accident insurance on a Safeco form provided by de la Sota, naming his wife Paralee A. Bechtel as his beneficiary.

For reasons that are unexplained, Mr. de la Sota did not place the insurance with Safeco. On March 18, 1969, de la Sota talked with H. Westley Craig of the INA group insurance department in Los Angeles. He informed Craig that Cal Time desired to purchase key man accident insurance in the amount of $200,000 per employee, payable one-half to Cal Time and the other one-half to the employee's designated beneficiary, and that Cal Time would pay the premiums on the policy. No written application for insurance was made to INA, and the Safeco applications were unacceptable to INA as designations of beneficiaries. On April 24, 1969, INA issued and delivered to Cal Time its group accidental death and dismemberment policy number ABN74351 insuring 10 key employees of Cal Time, including Bechtel, each in the principal sum of $200,000 for accidental death. Schedule IV of the policy, entitled "Beneficiary Designation," states: "In consideration of the fact that this Policy applies only to special hazards to which all the Persons Insured described in Schedule I may not be exposed, it is understood that indemnity for loss of life of the Insured Person will be payable to the beneficiary or beneficiaries in the class or classes described below. . . . The beneficiary shall be that designated in writing by the insured employee and on file with the policyholder; [¶] In the absence of any such specifically designated beneficiary, then the beneficiary shall be that beneficiary or those beneficiaries designated under the group life

policy carried by the policyholder; [¶] In the absence of specifically designated beneficiaries as specified above, then the beneficiary will be the *estate* of the insured employee." A certificate of insurance was issued to Bechtel reciting the policy number and stating that the principal sum payable in the event of his accidental death is $200,000. The certificate of insurance states that Bechtel's beneficiary is "On file with the Company" and provides further that: "If at the death of the Insured, there is no surviving beneficiary, the accidental loss of life indemnity shall be payable . . . to the . . . following classes of beneficiaries, otherwise to the estate of the Insured: wife, husband, child or children, father, mother, brothers or sisters."[1] Both the policy and the certificate provide that only the named insured may change the designation of his beneficiary.

Bechtel had no designation of beneficiary on file with Cal Time other than the Safeco application naming his wife which was unsuitable to INA. He had no such designation of beneficiary on file with INA. He was not insured under any group life insurance plan of Cal Time. Neither de la Sota nor anyone else connected with INA told Cal Time that in order for it to receive insurance coverage on the life of its key employees to the extent of one-half of the $200,000 accidental death benefit provided in the policy, it would be necessary for each employee to execute a designation of beneficiary form specifying that Cal Time was beneficiary to that extent. At the time the insurance policy and certificate of insurance were issued, Bechtel believed that he was insured by the policy for $200,000 in accidental death benefit, and that his wife, Paralee A. Bechtel, was his beneficiary. He so informed his wife.

On March 28, 1970, while the policy was in force, Leroy E. Bechtel was accidentally killed in a Texas oil field while working for Cal Time. Cal Time sought to recover $100,000 of the policy proceeds from INA. Paralee A. Bechtel, as executrix of the will of Leroy E. Bechtel, claimed the entire $200,000 accidental death benefit under the policy. On June 5, 1970, INA filed a complaint in interpleader. The complaint alleges that INA insured the life of Leroy E. Bechtel in the amount of $200,000, the terms of the policy with respect to designation of beneficiaries, the conflicting claims of Cal Time and Mrs. Bechtel as executrix, and that INA makes no claim on the fund. INA deposited $200,000 with the trial court on June 5, 1970. Paralee A. Bechtel answered the complaint in interpleader and cross-complained against Cal Time for a declaration that as executrix she was entitled to the $200,000 death benefit. Cal Time answered the

---

[1] The parties raise no issue concerning the variance between the beneficiary designation in schedule IV of the policy and that in the certificate of insurance.

complaint and cross-complained against INA, de la Sota, Western Bonding, Inc., and Mrs. Bechtel for reformation of the policy to provide that Cal Time was a beneficiary to the extent of $100,000, and alternatively alleging a cause of action in negligence against INA and its agents.

## Action of Trial Court

The cause was tried to the court sitting without a jury. On the last day of trial, Cal Time announced its election to proceed solely on its cause of action for negligence against INA and its agents who had participated in writing the policy. INA was granted leave to amend its complaint in interpleader to allege a cause of action for reformation. The amendment to INA's complaint alleges that INA and Cal Time orally agreed that INA, in consideration of premiums to be paid by Cal Time, would issue to it a policy of insurance against accidental loss of life of 10 named key employees including Bechtel, and that under the policy Cal Time would be entitled to proceeds of $100,000 in the event of the accidental death of an insured employee, the employee's named beneficiary being entitled to $100,000. The amendment further alleges that "through the mutual mistake of representatives of" Cal Time and INA in the preparation of the policy and certificates of insurance, "as well as the forms designating the personal beneficiaries of the key employee, proper beneficiary designations were not made." The pleading prays that the "accident insurance policy be reformed so as to express the true intention. . . ." The amendment to the complaint was deemed denied.

The trial court found that Leroy E. Bechtel had not participated in any mistake as to the terms of the policy, that there was no mutual mistake of INA and Cal Time, and that INA and its agents were negligent in not issuing a policy as required by Cal Time. Accordingly, it issued its judgment denying the claim of INA for reformation, granting the claim of Mrs. Paralee A. Bechtel as executrix to the entire $200,000 death benefit provided in the policy, and granting judgment for Cal Time against INA in the amount of $100,000 for negligence. The trial court also awarded each successful cross-complainant interest at the rate of 7 percent per annum from March 28, 1970, to the date of judgment, May 25, 1972.

## Issues on Appeal

On this appeal, INA contends: (1) the record establishes its right to reformation of the group insurance contract as a matter of law; and (2) the trial court miscalculated interest on the judgments. INA does not assert that any error infects Cal Time's judgment against it for negligence,

apparently relying upon the proposition that if it succeeds in its attempt at reformation Cal Time will not have been damaged by the negligence. We conclude that substantial evidence supports the trial court's finding that the policy and certificate of insurance, as written, complied with Leroy Bechtel's understanding of the coverage afforded him and that by reason of the nature of employee group insurance there was, therefore, not a mutual mistake justifying reformation. We conclude, also, that the trial court erred in calculating interest upon the judgments.

### Reformation of Policy

Civil Code section 3399 states in pertinent part: "When, through . . . mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

Since a mistake of one party not known or suspected by another party to a written contract will not justify its reformation (*Heath* v. *Kettenhofen,* 236 Cal.App.2d 197, 207-208 [45 Cal.Rptr. 778]), resolution of the case at bench depends upon the characterization of the nature of the mistake here involved. ■ Here, in the peculiar context of employee group insurance, the mistake was not a mutual one. Whatever may be the situation as between INA, the insurer, and Cal Time, the policyholder, the trial court found on substantial evidence that the written policy of insurance and the certificate of insurance express the understanding of Bechtel, the insured. Bechtel must be treated as a party to the contract. Our Supreme Court had definitively characterized the nature of employee group insurance in *Elfstrom* v. *New York Life Ins. Co.,* 67 Cal.2d 503 [63 Cal.Rptr. 35, 432 P.2d 731]. In holding that in administering such policies the employer acts as the agent of the insurer rather than the employee-insured, the court states: "Although the employer is the titular insured, the insurance is actually related to the life and health of the employee. Indeed, in several respects the employee is in the position of a real party to the master contract. Where he pays a portion of the premium he must volunteer to join the plan, and the premium deducted from his wages constitutes a portion of the consideration for the insurance. He may change beneficiaries as in individual insurance, and the certificate is issued by the insurer in the employee's name." (67 Cal.2d at p. 513.) The employer policyholder's status as an agent of the insurer is such that if the employer treats a person covered by a group policy as being eligible to be insured as an officer of the employer and therefore entitled to a larger amount of coverage than

that afforded employees in other categories, the person is in fact so covered despite the proposition that he is not an officer and thus under the terms of the policy should have been insured for a lesser sum. (*Amberg* v. *Bankers Life Co.,* 3 Cal.3d 973 [92 Cal.Rptr. 273, 479 P.2d 633].)

Whether we treat our Supreme Court's characterization of employee group insurance as a trilateral contract in which the covered employee is in the position of a real party or as a bilateral contract between the employee on the one hand and the insurer and its agent, the employer policyholder on the other, we reach the same conclusion. There was not a mutual mistake permitting rescission of the policy and certificate of insurance because those documents correctly recorded the understanding of one party to the contract, the employee Bechtel. While Bechtel may have been mistaken in believing that his beneficiary was his wife rather than his estate, his mistake is not the same one asserted by INA. (*Renshaw* v. *Happy Valley Water Co.,* 114 Cal.App.2d 521, 524 [250 P.2d 612].)

The conclusion which we here reach is an extension of the rule of *Elfstrom* but is compelled by its rationale. In *Elfstrom,* the court dealt with employee group insurance in which the employee paid part of the premium. Here, Cal Time paid the entire premium. Since the employer's contribution to the premium on group insurance is a fringe benefit, whether it be of the full amount of the premium or only part of it, the extent of premium paid by the employer is not of itself controlling. There is no practical difference between a raise in pay to the employee out of which he pays part of the premium on his group insurance and direct payment of the premium by the employer. *Elfstrom* holds only that the employer policyholder is the agent for the insurer in the administration of the policy. The case at bench concerns initial coverage and not continuing administration. *Amberg,* however, which is also rationalized on the theory of agency, finds coverage at the outset of a group policy on the theory of the employer's status as agent for the insurer although the person covered would have been entitled at most to a lesser coverage had the employer followed the terms of the policy.

It is the special nature of employee group insurance and the concomitant status of the employee as a real party to the contract and the employer as the agent of the insurer which distinguishes the case at bench from decisions such as *Truck Ins. Exch.* v. *Wilshire Ins. Co.,* 8 Cal.App.3d 553 [87 Cal.Rptr. 604], upon which INA relies. ■ Mutual mistake of the insured and insurer in reducing an ordinary policy of insurance to writing permits reformation of the contract to reflect the intention of the parties although the rights of third party claimants, who are not parties to the insurance contract, are adversely affected. (*Truck Ins. Exch.* v. *Wilshire*

*Ins. Co., supra,* 8 Cal.App.3d at p. 559.) Here, however, the employee insured is treated as being in the legal status of a party to the insurance contract and the employer policyholder as agent of the insurer.

INA argues also that the trial court's finding of Bechtel's understanding that the policy and certificate of insurance were correctly written is not supported by substantial evidence, and that the record requires the conclusion as a matter of law that INA and Cal Time were mutually mistaken. There is, however, substantial evidence supporting the finding of Bechtel's intention with respect to the insurance. Mrs. Bechtel testified without objection from INA that her husband had informed her of the policy, that it was for $200,000, and that she was the beneficiary. INA's argument that a contrary conclusion should be drawn asks us to reweigh the evidence and to draw a different conclusion, which the trial court might also have drawn had it believed witnesses testifying for INA. We are not permitted to do so. Since substantial evidence supports the proposition that Bechtel was not mistaken, it is irrelevant to the principles which we deem here to govern that Cal Time and INA shared a mistake.

## *Interest*

The insurance policy involved in the case at bench provides that indemnities "will be paid as they accrue immediately upon receipt of due written proof of such loss," and "Any lump sum payment will be made immediately upon receipt at the Home Office of the required proofs of loss." Cal Time executed its proof of claim on April 8, 1970, and Mrs. Bechtel, as executrix, executed her proof of claim on April 17, 1970. INA filed its complaint in interpleader and deposited $200,000 in the trial court on June 5, 1970. On September 29, 1970, INA, Cal Time, and Mrs. Bechtel as executrix filed a stipulation with the trial court. The stipulation provides that $100,000 of the sum deposited by INA shall be released "forthwith" to Paralee Bechtel, as executrix of the will of Leroy E. Bechtel, to be deemed an asset of the Bechtel estate "without prejudice to any party hereto," and that Cal Time waives any claim to that sum. The stipulation states that the remaining $100,000 "shall be paid forthwith to Robert H. Koenig, as Trustee . . . to be disbursed, or otherwise dealt with by him upon joint written instructions of Defendants, Cross-Defendant, and Cross-Complainant . . . and their respective counsel." Koenig is directed to "place the sum of $100,000 . . . in a Certificate of Deposit of a bank, a bank account, or a savings & loan account, as agreed upon by . . . Defendants, Cross-Defendant, and Cross-Complainant, and their respective counsel."

The trial court issued its order pursuant to the stipulation on September 29, 1970. $100,000 was delivered to Mrs. Bechtel as executrix on that date. The other $100,000 was delivered to Mr. Koenig, who deposited it in an interest-bearing account and thereafter rendered periodic accountings to the parties and their counsel.

The trial court found as a fact that the "action in interpleader was unjustified and that INSURANCE COMPANY OF NORTH AMERICA was not an impartial stakeholder."[2] It included in its judgment in favor of Mrs. Bechtel as executrix interest at the rate of 7 percent per annum from March 28, 1970, the date of Bechtel's death, to the date of judgment. It also included in its judgment in favor of Cal Time interest at the rate of 7 percent from March 28, 1970, until the date of judgment. On this appeal, INA contends that interest should begin to run on each judgment, not from the date of death but from the date that Mrs. Bechtel and Cal Time filed their respective proofs of loss with INA. It contends also that interest on the judgment in favor of Mrs. Bechtel should terminate on September 29, 1970, the date on which the $200,000 deposited by it in court was disbursed one-half to Mrs. Bechtel as executrix and one-half to Mr. Koenig as trustee for the parties.

■ INA's contention that interest should be computed from the dates that Cal Time and Mrs. Bechtel filed their respective proofs of loss is meritorious. INA's obligation did not accrue until then. (*Executive Aviation, Inc.* v. *National Ins. Underwriters*, 16 Cal.App.3d 799, 808 [94 Cal.Rptr. 347].) ■ INA's contention that interest on $100,000 of the judgment in favor of Mrs. Bechtel as executrix should terminate on September 29, 1970, also is sound. On that date the sum was distributed in partial satisfaction of INA's obligation to the Bechtel estate. INA no longer had the use of the funds nor "detained" them from the estate. (*Buckman* v. *Tucker*, 9 Cal.2d 403, 409 [71 P.2d 69]; see also *Munier* v. *Hawkins*, 190 Cal. App.2d 655, 664 [12 Cal.Rptr. 274].) INA's contention that its obligation to pay interest on the other $100,000 disbursed to Mr. Koenig as trustee also terminated on September 29, 1970, when the sum was disbursed to him, presents a more difficult problem. The stipulation pursuant to which the fund was disbursed to the trustee and held by him in trust is silent on the issue of its effect upon INA's obligation to pay interest at the legal rate while authorizing Mr. Koenig to deposit the fund so as to earn interest. In *Munier* v. *Hawkins, supra,* the Court of Appeal construed a stipulation which stated, "that the funds in question were, by agreement, turned over to the trustee and said money was to be deposited in a savings account

---

[2]The validity of that finding is not questioned.

'so that monies will earn interest pending settlement of this action' " as evidencing an intent that no award of interest for withholding of funds would result. (190 Cal.App.2d at pp. 665-666.) The stipulation here is similar to that involved in *Munier*. Tested by its four corners, it must be construed as terminating INA's liability for interest to Mrs. Bechtel as executrix on September 29, 1970, when the fund was disbursed to the trustee. ■ The stipulation is, however, ambiguous. Parol evidence will be admissible on remand to explain its intent, if that evidence is offered.

### Disposition

The judgment is affirmed insofar as it awards the sum of $200,000 to Mrs. Paralee Bechtel as executrix of the will of Leroy E. Bechtel, and insofar as it awards $100,000 in damages to California Time Petroleum, Inc. The judgment is reversed insofar as it awards interest on those sums, and the matter is remanded to the trial court for further proceedings to determine the proper award of interest consistent with this opinion. California Time Petroleum, Inc., is awarded its costs on appeal, payable by Insurance Company of North America. The other parties are to bear their own costs on appeal.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied January 16, 1974, and the petition of appellant Insurance Company of North America for a hearing by the Supreme Court was denied February 21, 1974.